**CITY OF HOUSTON, Houston Police Department and Michael Garcia, Appellants,**

**v.**

**Carol E. LAZELL–MOSIER, DDS and Dennis R. Mosier, MD, PHD, Appellees.**

**No. 14–98–01227–CV.**

Court of Appeals of Texas, Houston (14th Dist.).

Nov. 4, 1999.

Laura Anne Coats, Houston, for appellants.

Keith T. Gilbert, Houston, for appellees.

Panel consists of Justices AMIDEI, EDELMAN and WITTIG.

## O P I N I O N

DON WITTIG, Justice.

Appellants, City of Houston, Houston Police Department, and Michael Garcia, were sued by appellees, Carol E. Lazell–Mosier and Dennis R. Mosier, under the Texas Tort Claims Act. The suit arose out of a traffic accident Lazell–Mosier had with a Houston Police Department vehicle. Appellants filed a plea to the jurisdiction alleging they did not receive proper notice within the Act's statutory time frame. The plea was denied by the trial court. Appellants now bring an interlocutory appeal challenging that ruling. We affirm.

Jurisdiction of the subject matter is the power to deal with the general abstract question, to hear the particular facts in any case relating to this question and to determine whether or not they are sufficient to invoke the exercise of that power.[1]

A plea to the jurisdiction contests the court's authority to determine the subject matter of the cause of action.[2] The plea raises incurable defects in jurisdiction which are shown on the face of a plaintiff's pleadings, taking the pleadings' allegations as true.[3]

In determining jurisdiction, it is a fundamental rule the allegations in a good faith pleading are determinative of a cause of action.[4] In deciding whether to grant a plea to the jurisdiction, the trial court must look solely to the allegations in the petition.[5] When reviewing a trial court order granting a plea to the jurisdiction, an appellate court "construe[s] the pleadings in favor of the plaintiff and look[s] to the pleader's intent."[6]

In its plea to the jurisdiction,[7] appellants (collectively, "the City") moved far afield of appellees' (collectively, "Mosier") pleadings in attempting to show that it did not in fact receive proper notice per the Section 101.101 of Texas Tort Claims Act ("TTCA"). It offered the following proof to support its contention the trial court erred in denying its plea to the jurisdiction:

— By affidavit, the City Secretary avers a search of City records shows it did not receive timely formal notice of Mosier's claim;

1. *City of El Paso v. Madero Dev.,* 803 S.W.2d 396, 398 (Tex.App.—El Paso 1991, writ denied).

2. *State v. Benavides,* 772 S.W.2d 271, 273 (Tex.App.—Corpus Christi 1989, writ denied); *Schulz v. Schulz,* 726 S.W.2d 256, 257 (Tex. App.—Austin 1987, no writ).

3. *Bybee v. Fireman's Fund Ins. Co.,* 160 Tex. 429, 331 S.W.2d 910, 917 (1960); *Washington v. Fort Bend Indep. Sch. Dist.,* 892 S.W.2d 156, 159 (Tex.App.—Houston [14th Dist.] 1994, writ denied).

4. *Brannon v. Pacific Employers Ins. Co.,* 148 Tex. 289, 224 S.W.2d 466, 469 (1949).

5. *Liberty Mut. Ins. Co. v. Sharp,* 874 S.W.2d 736, 739 (Tex.App.—Austin 1994, writ denied).

6. *Texas Ass'n of Business v. Texas Air Control Bd.,* 852 S.W.2d 440, 446 (Tex.1993) (quoting *Huston v. Federal Deposit Ins. Corp.,* 663 S.W.2d 126, 129 (Tex.App.—Eastland 1983, writ ref'd n.r.e.)); *see North Alamo Water Supply Corp. v. Texas Dep't of Health,* 839 S.W.2d 455, 457 (Tex.App.—Austin 1992, writ denied).

7. The City did not file the plea until nearly a year after it had been served with suit.

— The October 13, 1995 accident report shows it was Mosier, not the officer, who was ticketed for the accident;

— By affidavit, Sgt. Timothy Baynes states in the subsequent internal Police Department investigation, he found Mosier at fault for the collision and attributed no fault to the officer;

— Mosier's insurance company paid the City a check of $1,732.30 for the damages to the police car.

In response, Mosier presented the following in support of her contention the city received both timely actual and proper formal notice of the claim:

— Notwithstanding the City Secretary's affidavit, Mosier's former attorney asserted in an affidavit he sent formal notice of her claim by first-class mail to the City on November 16, 1995, just over a month after the accident. The text of the letter was attached to the affidavit;

— In the accident report of the October 13, 1995 collision, Mosier stated that she had turned into a clear lane of traffic when the police car "hit me like a meteor." The accident report also shows Mosier was injured and her car was damaged as a result of the collision;

— HPD General Order 400–08 required an internal investigation of accidents involving its vehicles. A police officer investigating the accident approached Mosier shortly after the accident and told her "The City has deep pockets-but it might take awhile;"

— During discovery, in response to Mosier's interrogatories and requests for production regarding the accident, the City objected numerous times that information sought from the day of the accident was not discoverable because it involved "investigation by defendant ... in anticipation of claims made a part of the pending lawsuit and is privileged;"

— The City had drafted and executed a Rule 11 agreement with Mosier's counsel dated July 22, 1998, stating that its plea to the jurisdiction would be withdrawn. (It filed another plea to the jurisdiction slightly more than a month later on August 31, 1998.)

 The many disputed facts of this case underscore the difficulty inherent in the inquiry the City would have the courts undertake in a plea to the jurisdiction based on lack of notice. Rather than relying on good-faith pleadings, the City essentially argues the trial court, and, inevitably, the appellate court on interlocutory appeal, should dispense with complex factual issues such as these without even the evidentiary and procedural safeguards of a summary judgment motion.[8] This position is untenable.

 As noted, the inquiry as to whether a court has subject matter jurisdiction should begin and end within the four corners of the pleadings.[9] If the pleadings are sufficient but there are no fact issues, the matter can properly be dispensed with by summary judgment. If

---

**8.** A jurisdictional dispute which could not be resolved by either a no-evidence motion for summary judgment or under the senior summary judgment rule, TEX.R. CIV. P. 166a(c), may necessarily be resolved in the trial context. This is especially true when the issues involve disputed time limitations as presented here. We also note the considerable increase of interlocutory appeals to the already overcrowded dockets of our courts of appeals. Governmental units should sparingly tax this already burdened system with truly meritorious appeals; the interlocutory appeal should not be used as a dilatory practice or for marginal arguments.

**9.** There are rare exceptions to this rule. *See, e.g., Diocese of Galveston–Houston v. Stone*, 892 S.W.2d 169, 173 (Tex.App.—Houston [14th Dist.] 1994, orig. proceeding) (trial court allowed limited discovery to clarify facts underlying its jurisdiction to hear case against religious institution that could implicate "excessive entanglement" by government into religious affairs).

there are fact issues, as there are here, they should be resolved at an appropriate time by the fact finder. In any case, neither the trial court nor the appellate court should wade through these factual disputes in a plea to the jurisdiction. This is especially so here, in the complete absence of any allegation by the City that Mosier's factual assertions in her petition regarding notice were facially insufficient or that they were made in bad faith.

In her Fourth Amended Petition, Mosier pled "[A]ll conditions precedent have occurred or have been performed including compliance with § 101.101 of the Texas CIV. PRAC. & REM.CODE; alternatively, the [City] had actual notice pursuant to CIV. PRAC. & REM.CODE § 101.101(c)." This allegation was facially sufficient to invoke the subject matter jurisdiction of the court with regard to the notice issue.

Finally, the City argues that if notice issues are not resolved pre-trial by extensive, fact-intensive inquiries, a green light signals plaintiffs to file stale claims against governmental units in which no notice was properly given. We disagree. Chapters 9 and 10 of the Texas Civil Practice & Remedies Code and TEX.R. CIV. P. 13 afford safeguards against truly frivolous filings.

The trial court properly denied appellant's plea to the jurisdiction.