Opinion issued April 10, 2003



     






In The
Court of Appeals
For The
First District of Texas




NO. 01-02-00272-CV




ROBIN E. FRAZIER, Appellant

V.

TEXAS DEPARTMENT OF CRIMINAL JUSTICE; JERRY R.
PETERSON; R.G. BELANGER; RICHARD D. TEDFORD; HARRY L.
POLLARD; KYRON SESSION; DAREENE TUBBS; J. BARREARA; R.
HEALY; GREGORY M. VAUGHN; JOHN SCHRAUB; AND DONALD R.
HARDEN, Appellees




On Appeal from the 12th District Court
Walker County, Texas
Trial Court Cause No. 19,138




MEMORANDUM OPINION

          Appellant, Robin E. Frazier, an incarcerated inmate, sued the Texas
Department of Criminal Justice (TDCJ) and 11 TDCJ employees, appellees, after he
slipped and fell on the floor of the prison. The trial court dismissed appellant’s case
for want of prosecution. In three issues, appellant argues that the trial court erred in
(1) dismissing the suit for want of prosecution; (2) dismissing the suit with prejudice;
and (3) granting partial summary judgment against appellant for his claims governed
by the Texas Tort Claims Act. See Tex. Civ. Prac. & Rem. Code Ann. § 101.001
(Vernon Supp. 2003).
          We reverse and remand with instructions.
Facts
          Appellant alleges that, on June 8, 1993, he injured his back after he slipped on
a wet spot on the floor while walking from the chow hall to the dish room. Appellant
further alleges that his condition was worsened by the TDCJ’s refusal to provide
adequate treatment for him, and by the rough manner in which he was escorted to his
cell by two TDCJ employees. On April 19, 1996, the trial court granted partial
summary judgment for appellees as to appellant’s claims governed by the Texas Tort
Claims Act. The trial court dismissed appellant’s case for failure to prosecute on
January 22, 2002. 
Dismissal for Want of Prosecution
          In his first issue, appellant argues that the trial court erred in dismissing his suit
for want of prosecution. 
          The trial court is authorized to dismiss a suit for want of prosecution when (1)
the trial court finds that the case has not been prosecuted with due diligence; (2) when
the case has not been disposed of within the Texas Supreme Court’s time standards;
or (3) when a party fails to appear at a hearing or trial. Tex. R. Civ. P. 165a; City of
Houston v. Robinson, 837 S.W.2d 262, 264-65 (Tex. App.—Houston 1992, no writ). 
We will review a trial court’s dismissal for want for prosecution for an abuse of
discretion. Franklin v. Sherman ISD, 53 S.W.3d 398, 401 (Tex. App.—Dallas 2001,
pet. denied). 
          Appellant argues that he has attempted to prosecute the case with due
diligence, but that his diligence has been met with frustration, error, and inordinate
delay from the judge and clerks. The record reflects that this case has been on the
trial court’s docket since May 23, 1995. The last action taken by appellant before
appellees’ motion to dismiss was a motion for informal mediation, filed on September
23, 1999. The record does not reflect that the motion for informal mediation was
ruled on, but appellant made no effort to request a hearing on the matter, and took no
other action in the case. Appellees filed their motion to dismiss for want of
prosecution over two years later, on December 12, 2001. Appellant does not explain
how a delay or frustration from the trial court rendered him unable to take any action
in the case for the two years following appellant’s filing of a motion for informal
mediation. 
          This court has previously determined that as little as nine months of inactivity
can provide grounds for dismissal for want of prosecution. Bard v. Frank Hall & Co.,
767 S.W.2d 839, 845 (Tex. App.—Houston [1st Dist.] 1989, writ denied). Here,
appellant took no action in the case for a span of over two years. Accordingly, we
hold that the trial court did not abuse its discretion by dismissing the case for want
of prosecution.
          We overrule issue one.
Dismissal with Prejudice
          In his second issue, appellant argues that the trial court should not have
dismissed the suit with prejudice. 
          Appellees agree that a dismissal for want of prosecution is not an adjudication
on the merits and should not be dismissed with prejudice. See Massey v. Columbus
State Bank, 35 S.W.3d 697, 700 (Tex. App.—Houston [1st Dist.] 2000, pet. denied). 
Accordingly, we hold that the trial court erred in dismissing appellant’s suit with
prejudice.
          We sustain issue two.
Summary Judgment
          In his third issue, appellant argues that the trial court erred in granting summary
judgment for appellees as to appellant’s claims governed by the Texas Tort Claims
Act. See Tex. Civ. Prac. & Rem. Code Ann. § 101.001 (Vernon Supp. 2003). 
          The standards for reviewing a traditional motion for summary judgment are as
follows: (1) the movant for summary judgment has the burden of showing that there
is no genuine issue of material fact and that the movant is entitled to judgment as a
matter of law; (2) in deciding whether there is a disputed material fact issue
precluding summary judgment, evidence favorable to the nonmovant will be taken as
true; and (3) every reasonable inference must be indulged in favor of the nonmovant
and any doubts resolved in the nonmovant’s favor. Nixon v. Mr. Prop. Mgmt. Co.,
690 S.W.2d 546, 548-49 (Tex. 1985). A defendant is entitled to summary judgment
if at least one element of each of the plaintiff’s causes of action is negated as a matter
of law. Doe v. Boys Clubs of Greater Dallas, Inc., 907 S.W.2d 472, 476-77 (Tex.
1995). A defendant may also prevail on a motion for summary judgment by
conclusively proving all elements of an affirmative defense as a matter of law, such
that there is no genuine issue of material fact. Cathey v. Booth, 900 S.W.2d 339, 341
(Tex. 1995) (per curiam). 
          When multiple grounds are asserted in the motion for summary judgment, and
the order does not specify the grounds on which summary judgment was rendered, the
appealing party must, on appeal, negate all grounds asserted in the motion. Ellis v.
Precision Engine Rebuilders, Inc., 68 S.W.3d 894, 898 (Tex. App.—Houston [1st
Dist.] 2002, no pet.). If a summary judgment may have been rendered, properly or
improperly, on a ground not challenged, the judgment must be affirmed. Id.
          Appellees’ motion for summary judgment attacked appellant’s claims governed
by the Texas Tort Claims Act on the grounds that (1) appellant failed to comply with
the notice requirements of the Texas Tort Claims Act; (2) the TDCJ had no premises
liability in this case under the Texas Tort Claims Act; (3) appellant failed to show
how appellees waived governmental immunity; (4) appellant failed to show how the
use of tangible or real property related to his injuries to bring his claim under the
Texas Tort Claims Act; and (5) the individual defendants sued by appellant were
improper parties under the Texas Tort Claims Act.
          The trial court’s order granting summary judgment did not state the grounds
that the order was based on. In his appellate brief, appellant listed appellee’s grounds
for summary judgment, but did not attempt to negate all of them. Specifically,
appellant did not negate or discuss appellees’ ground that appellant had not given
proper notice under the Texas Tort Claims Act. See Tex. Civ. Prac. & Rem. Code
Ann. § 101.101 (Vernon 1997). Compliance with the notice requirements of the
Texas Tort Claims Act is a prerequisite to waiver of sovereign immunity under the
Act. Texana Cmty. MHMR Ctr. v. Silvas, 62 S.W.3d 317, 324 (Tex. App.—Corpus
Christi 2001, no pet.). Accordingly, we will affirm the trial court’s summary
judgment order. See Ellis, 68 S.W.3d at 898 (if summary judgment may have been
rendered, properly or improperly, on a ground not challenged, the judgment must be
affirmed). 
          We overrule issue three.
Conclusion
          We reverse the judgment of the trial court and remand with instructions for the
trial court to (1) dismiss appellant’s claims under the Texas Tort Claims Act for want
of subject matter jurisdiction; and (2) dismiss any remaining claims, not otherwise
barred by sovereign immunity, for want of prosecution, without prejudice. 
 

                                                             Sherry Radack
                                                             Chief Justice
 
Panel consists of Chief Justice Radack and Justices Nuchia and Hanks.