NUMBER
13-05-306-CV

                                 COURT OF
APPEALS

                     THIRTEENTH DISTRICT OF
TEXAS

                         CORPUS CHRISTI B EDINBURG

 

THE CITY OF CORPUS
CHRISTI,                                                    Appellant,

                                                             v.

H&H SAND AND GRAVEL, INC.,                                                      Appellee.

 

 

                    On appeal from the 148th District
Court

                                        of
Nueces County, Texas.

 

 

 

                                M
E M O R A N D U M   O P I N I O N

 

     Before Chief Justice
Valdez and Justices Castillo and Garza

 

      Opinion by Chief
Justice Valdez

 

 

 








This is an interlocutory appeal by appellant, the
City of Corpus Christi, from the trial court=s
denial of appellant=s plea to the jurisdiction asserted against
appellee, H&H Sand and Gravel, Inc. 
We reverse and remand.

Background

In January 1999, the City of Corpus Christi invited
bids from contractors for AMaterials for Sector Liner Construction.@  A few months
later, the City accepted a bid from Suntide Materials & Trucking to supply
35,000 tons of sand for the project.  The
sand was delivered to the City, which paid Suntide in full by December
1999.  

However, in July 2002, H&H Sand filed a petition
in district court, alleging that Suntide had subcontracted its sand contract to
H&H Sand.  According to the petition,
Suntide fell behind in its payments to H&H Sand and eventually agreed to
have the City make its payment to the two companies jointly.  This assignment was memorialized in a letter
agreement between Suntide and H&H Sand dated October 28, 1999, which read
in its entirety:

Suntide Materials & Trucking will agree to have
joint checks made payable to Suntide and H&H Sand at P.O. Box 329, Odem TX,
until the old balance of $47,213.73 is paid on our account for the sand haul on
the City of Corpus Christi job at the Landfill.

 

H&H Sand alleges that this agreement was
delivered to the City=s head of purchasing on the same day it was
signed.   According to H&H Sand, this
served to put the City on notice that its contract with Suntide had been
modified.  The City, however, continued to
pay only Suntide for the sand.  








H&H Sand sued the City, Suntide, and other
parties, seeking monetary damages for breach of contract, fraud, and other
causes of action.  The City filed a plea
to the jurisdiction in response, asserting that H&H Sand had failed to
prove the City waived its sovereign immunity to be sued.  The trial court denied the City=s plea, which the City appeals to this Court.  

Plea to the Jurisdiction

A party may submit a plea to the jurisdiction in
order to assert that it enjoys  sovereign
immunity from suit and therefore is not properly within the subject matter
jurisdiction of the trial court.  Tex.
Dep't of Transp. v. Jones, 8 S.W.3d 636, 638 (Tex. 1999) (per curiam). The
limits of the trial court's subject matter jurisdiction is a question of law
and subject to de novo review by the appellate court.  Tex. Natural Res. Conservation Comm'n v.
IT‑Davy, 74 S.W.3d 849, 855 (Tex. 2000).  

In a suit against a governmental unit, the plaintiff
must affirmatively demonstrate the court's jurisdiction by alleging a valid
waiver of immunity.  Dallas Area Rapid
Transit v. Whitley, 104 S.W.3d 540, 542 (Tex. 2003).  To determine if the plaintiff has met that
burden, "we consider the facts alleged by the plaintiff and, to the extent
it is relevant to the jurisdictional issue, the evidence submitted by the
parties."  Tex. Natural Res.
Conservation Comm'n v. White, 46 S.W.3d 864, 868 (Tex. 2001).  The court of appeals may look beyond the
pleadings in this de novo review and evaluate the jurisdictional evidence
submitted by both parties.  Bland
Indep. Sch. Dist. v. Blue, 34 S.W.3d 547, 555 (Tex. 2000).  The court must also take the pleadings as
true when evaluating them for purposes of jurisdiction and must construe them
liberally in favor of jurisdiction.  Texana
Cmty. MHMR Ctr. v. Silvas, 62 S.W.3d 317, 320 (Tex. App.BCorpus Christi 2001, no pet.).  








The plaintiff ultimately bears the burden of
alleging sufficient facts to demonstrate that the trial court does indeed have
jurisdiction to hear a case.  Tex.
Ass'n of Bus. v. Tex. Air Control Bd., 852 S.W.2d 440, 446 (Tex.
1993).  When a plaintiff fails to plead
facts that establish jurisdiction, but the petition does not effectively
demonstrate incurable defects in jurisdiction, the issue is one of pleading
sufficiency and the plaintiff should be afforded an opportunity to amend.  County of Cameron v. Brown, 80 S.W.3d
549, 555 (Tex. 2002);  City of Alton
v. Sharyland Water Supply Corp., 145 S.W.3d 673, 680 (Tex. App.BCorpus Christi 2004, no pet.).  If, however, the pleadings affirmatively
negate the existence of jurisdiction, a plea to the jurisdiction may be granted
without allowing the plaintiff an opportunity to amend.  See Brown, 80 S.W.3d at 555.

Sovereign Immunity

In H&H Sand=s first amended original petition, it asserted that
the City was liable for breach of contract, breach of constructive trust,
negligence, negligence per se, and quantum meruit.  In a supplement to its petition, H&H Sand
argued that the following waived the City=s sovereign immunity for purposes of its suit: Acommon law doctrine,@
sections 101.025 and 101.0215 of the civil practice and remedies code, and
sections 51.013 and 51.075 of the local government code.  See Tex.
Civ. Prac. & Rem. Code Ann. '' 101.025, 101.0215 (Vernon 2005); Tex. Loc. Gov=t Code Ann. '' 51.013, 51.075 (Vernon 1999).








Contrary to H&H Sand=s assertions, Acommon law doctrine@ will
not serve to waive the City=s sovereign immunity.  Common law, in fact, is the original source
of the City=s immunity:  AIn Texas, the bar of sovereign immunity is a
creature of the common law and not of any legislative enactment.  It protects the government both from
liability and from suit.@  Tex.
A&M University‑Kingsville v. Lawson, 87 S.W.3d 518, 520 (Tex.
2002).  A city may waive immunity from liability
for breach of contract by entering into a contract with a private citizen
or entity, but it does not waive immunity from suit merely by entering
into a contract.  Id. at 520-21
(emphasis added).  Instead, there must be
a specific legislative exception to the common law rule in order to waive a
city=s immunity from suit for certain causes of
action.  Id. at 521.[1]   Thus, common law is actually the source of
the City=s sovereign immunity in this case, rather than
waiver of this immunity.

H&H Sand also cites two sections of the civil
practice and remedies code as granting waiver. 
Section 101.025 of the civil practice and remedies code, which is part
of the Texas Tort Claims Act, does not have a specific exception that waives
liability for tort claims; instead, it simply states that Asovereign immunity to suit is waived and abolished
to the extent of liability created by this chapter.@ See Tex.
Civ. Prac. & Rem. Code Ann. ' 101.025(a). 
The other section from this chapter cited by H&H Sand, section
101.0215, recites the following: 

A municipality is liable under this chapter for
damages arising from its governmental functions, which are those functions that
are enjoined on a municipality by law and are given it by the state as part of
the state's sovereignty, to be exercised by the municipality in the interest of
the general public . . . 

 

Id. ' 101.0215(a). 









A list of exemplar governmental functions follows
and includes such items as Astreet construction and design,@ Azoning, planning, and plat approval,@ and Aengineering functions.@  See id.  It does not include the actions that the City
is accused of improperly performing in H&H Sand=s petition, i.e., contract management and contractor
payment.  Thus, neither of the cited
provisions of the civil practice and remedies code serves to effectively waive
the City=s immunity from the claims H&H Sand raises in
tort.

Turning to the two local government code statutes
cited by H&H Sand, we note first that section 51.013 of the local
government code does not apply to the City, as it is contained in a subchapter
entitled, AProvisions Applicable to Type A General Law
Municipality,@ and the City is not this kind of municipality.  See Tex.
Loc. Gov=t Code Ann. '' 51.011 - .018 (Vernon 1999).  However, section 51.075, which applies to
home rule municipalities such as the City, does apply.  This section states that a home rule
municipality Amay plead and be impleaded in any court.@ Tex. Loc.
Gov=t Code Ann. ' 51.075 (Vernon 1999).  








We have concluded in a previous case involving a
plea to the jurisdiction that another statute, which applied to general law
municipalities, did serve to waive sovereign immunity.  See City of Alton, 145 S.W.3d at
681.  However, the statute in question in
that case stated that the municipality Amay sue and be sued, implead and be impleaded, and
answer and be answered in any matter in any court or other place.@  See id.
(citing Tex. Loc. Gov=t Code Ann. ' 51.03 (Vernon 1999)).  The relevant statute here does not include
the clauses Asue and be sued@ or Aanswer and be answered,@ and therefore is not sufficiently unambiguous as to
indicate the Legislature=s intent to waive all liability from suit for these
types of municipalities.  See Tex. Gov=t Code Ann. ' 311.034 (Vernon 2005) (AIn order to preserve the legislature's interest in
managing state fiscal matters through the appropriations process, a statute
shall not be construed as a waiver of sovereign immunity unless the waiver is
effected by clear and unambiguous language.@); see
also City of Roman Forest v. Stockman, 141 S.W.3d 805, 813 (Tex. App.BBeaumont 2004, no pet.) (concluding that language of
section 51.075 was not an unambiguous waiver of immunity); City of
Carrollton v. McMahon Contr., L.P., 134 S.W.3d 925, 927 (Tex. App.BDallas 2004, pet. filed) (AThe Supreme Court has never held that the language >plead and implead= is a
clear and unambiguous waiver of immunity from suit . . . .@).

Furthermore, we note that the Texas Supreme Court
recently considered a contract suit against a home-rule municipality that
involved the same Aplead and be impleaded@
statute.  See Reata Constr. Corp. v.
City of Dallas, No. 02‑1031, 2004 Tex. LEXIS 303, at *6-7 (Tex. April
2, 2004) (per curiam).  In that case, the
supreme court disregarded the Aplead and be impleaded@
statute, as well as similar language in the city charter, and held that the
city in question had waived its immunity from liability because the city had
taken the affirmative action of filing suit against a party.  See id. at *3 n.1, *7-8.  Here, the City of Corpus Christi has taken no
affirmative action and has filed no pleadings as a plaintiff or intervenor
against H&H Sand, and therefore, the City has not acted in any way
inconsistent with a sovereign enjoying immunity from suit. 

We conclude that the pleadings at this point do not
assert a cause of action for which the City could be considered to have waived
its immunity, and the trial court erred in denying the City=s plea to the jurisdiction.  We accordingly sustain the City=s first issue on appeal.

Leave to Amend








As noted above, if a petition does not invoke a
court=s jurisdiction by showing waiver of sovereign immunity,
the issue is one of pleading sufficiency and the plaintiff should be afforded
an opportunity to amend unless the defects in jurisdiction are incurable.
See Brown, 80 S.W.3d at 555 (Tex. 2002); see also Harris County
v. Sykes, 136 S.W.3d 635, 639 (Tex. 2004). 
Dismissal for failure to state a claim is appropriate only when the
plaintiff has been given an opportunity to amend after a plea to the
jurisdiction has been sustained.  See
Brown, 80 S.W.3d at 559.  

We have concluded that neither common law nor the
statutes listed in the pleadings provide H&H Sand with a jurisdictional
basis for asserting its claims against the City as a sovereign entity.  Thus, we reverse the judgment of the trial
court and sustain the City=s plea to the jurisdiction.  However, as H&H Sand has not yet had an
opportunity to amend its plea now that we have reversed the trial court=s ruling and sustained the City=s plea to the jurisdiction, it would be
inappropriate dismiss the case at this juncture, given that these defects may
yet be curable.  See id.; City of
Alton, 145 S.W.3d at 680.  

Conclusion

We reverse the trial court=s denial of the City=s plea
to the jurisdiction, and we remand so that H&H Sand can be provided the
opportunity to amend its pleadings. 

 

 

                                           

Rogelio Valdez,

Chief Justice

 

 

 

Memorandum
Opinion delivered and filed

this
1st day of December, 2005.











[1] The City also argues in its plea to the jurisdiction that H&H Sand
provided no proof that there was ever a contract between Suntide and H&H
Sand, and therefore, H&H Sand failed to allege facts sufficient to prove
that it has standing to bring a breach of contract claim.  We have reviewed the record and see that the
only contract included in the record is the contract between the City and
Suntide.  However, given that this is a
plea to the jurisdiction, we must take H&H Sand=s allegations that there was a
contract between itself and Suntide as true for this stage of the
proceedings.  See Texana Cmty. MHMR
Ctr. v. Silvas, 62 S.W.3d 317, 320 (Tex. App.BCorpus Christi 2001, no pet.).