NUMBER
13-05-491-CV

                                 COURT OF
APPEALS

                     THIRTEENTH DISTRICT OF
TEXAS

                         CORPUS
CHRISTI B EDINBURG

 

LOS FRESNOS VOLUNTEER FIRE DEPARTMENT,

INC., (INCORRECTLY
NAMED AS LOS FRESNOS

EMERGENCY MEDICAL SERVICES), DR. CARLOS

CHAVEZ, M.D., JOSEPH HERNANDEZ, GENE

DANIELS, AND L. AREVALOS,                                                Appellants,

 

                                                             v.

 

ANGIE JEANETTE DAVALOS, INDIVIDUALLY, 

AND ON BEHALF OF THE ESTATE OF JUAN 

LUIS GONZALEZ, DECEASED, AND ON BEHALF 

OF THE BENEFICIARIES OF THE ESTATE OF 

JUAN LUIS GONZALEZ, DECEASED,   
                                      Appellees.

 

                    On appeal from the 103rd District
Court

                                       of
Cameron County, Texas.

 

 

 








                               MEMORANDUM
OPINION

 

    
Before Chief Justice Valdez and Justices Rodriguez and
Castillo

Memorandum Opinion by Chief Justice Valdez

This is an
interlocutory appeal by appellant, the Los Fresnos Volunteer Fire Department,
Inc., from the trial court=s denial of appellant=s plea
to the jurisdiction asserted against appellee, Angie Jeanette Davalos,
individually and on behalf of the estate of Juan Luis Gonzalez.  We affirm.

Background

On May 10, 2003,
employees of Los Fresnos Emergency Medical Services (ALos Fresnos EMS@) responded to a medical emergency call in San
Benito, Texas.  Upon their arrival, they
found Juan Luis Gonzalez, injured and in need of medical assistance.  According to the suit filed by appellee, the
Los Fresnos EMS employees failed to properly intubate Gonzalez while being
transported, depriving him of oxygen while en route to the hospital.  Gonzalez ultimately went into cardiac arrest,
fell into a coma from which he never awoke, and died a few weeks later.

Appellee,
decedent=s wife, filed suit against Los Fresnos EMS, among
others, for negligence.  A process server
delivered notice of the suit to ALos Fresnos [EMS] by serving its medical director,
Dr. Carlos Chavez, M.D.@  Los Fresnos
EMS then filed its original answer, referring to itself as Los Fresnos EMS and
denying all allegations.








This party then
filed a plea to the jurisdiction, this time referring to itself as ALos Fresnos Volunteer Fire Department, Inc.@  (AFire Department@), and claiming it had been Aimproperly named as Los Fresnos [EMS] in this
matter.@  It further
claimed that as an emergency service organization, it was a Agovernmental unit@ as
defined by the Texas Tort Claims Act and, thus, entitled to immunity from
suit.  See Tex. Civ. Prac. & Rem. Code Ann. ' 101.001(1) 
(Vernon 2005).  

The trial court
determined that the Fire Department was not entitled to immunity as a
governmental unit and denied the plea to the jurisdiction.  The Fire Department filed a renewed plea to
the jurisdiction alleging that the trial court had based its decision on a
misinterpretation of the tort claims act and the tax code.  The trial court reviewed the renewed plea,
determined that Anothing has changed from its previous rulings,@ and again denied the Fire Department=s plea to the jurisdiction.  The Fire Department now appeals to this
Court.

Plea to the
Jurisdiction

A party may
submit a plea to the jurisdiction in order to assert that it enjoys  sovereign immunity from suit and therefore is
not properly within the subject matter jurisdiction of the trial court.  Tex. Dep't of Transp. v. Jones, 8
S.W.3d 636, 638 (Tex. 1999) (per curiam). 
The limits of the trial court's subject matter jurisdiction is a
question of law and subject to de novo review by this Court.  Tex. Natural Res. Conservation Comm'n v.
IT‑Davy, 74 S.W.3d 849, 855 (Tex. 2000).  








In a suit against
a governmental unit, the plaintiff must affirmatively demonstrate the court's
jurisdiction by alleging a valid waiver of immunity.  Dallas Area Rapid Transit v. Whitley,
104 S.W.3d 540, 542 (Tex. 2003).  To
determine if the plaintiff has met that burden, "we consider the facts
alleged by the plaintiff and, to the extent it is relevant to the
jurisdictional issue, the evidence submitted by the parties."  Tex. Natural Res. Conservation Comm'n v.
White, 46 S.W.3d 864, 868 (Tex. 2001).  The court of appeals may look beyond the
pleadings in its de novo review and evaluate the jurisdictional evidence
submitted by both parties.  Bland
Indep. Sch. Dist. v. Blue, 34 S.W.3d 547, 555 (Tex. 2000).  The court of appeals must also take the
pleadings as true when evaluating them for purposes of jurisdiction and must
construe them liberally in favor of jurisdiction.  Texana Cmty. MHMR Ctr. v. Silvas, 62
S.W.3d 317, 320 (Tex. App.BCorpus Christi 2001, no pet.).  

Sovereign
Immunity








A governmental
unit is immune from tort liability for its own acts or the acts of its agents
unless the Texas Tort Claims Act waives immunity from suit.[1]  See Guillen v. City of San Antonio, 13
S.W.3d 428, 432 (Tex. App.BSan Antonio 2000, pet. denied).  The term Agovernmental
unit@ includes Aemergency service organization,@ which is statutorily defined as Aa volunteer fire department, rescue squad, or an
emergency medical services provider that is: 
(A) operated by its members, and (B) exempt from state taxes by being
listed as an exempt organization under Section 151.310 or 171.083, Tax Code.@  See Tex. Civ. Prac. & Rem. Code Ann. ' 101.001. 
Section 151.310 of the tax code further defines an Aexempt organization@ as an
organization qualifying for an exemption from federal income taxes under
Section 501(c)(3), (4), (8), (10), or (19), Internal Revenue Code.  Tex.
Tax Code Ann. ' 151.310 (Vernon 2002).  Section 171.083 exempts Aa nonprofit corporation that is organized for the
sole purpose of and engages exclusively in providing emergency medical
services, including rescue and ambulance services.@  Id.  ' 171.083.

Thus, the first
question to be decided here is whether appellant fulfills the statutory
definition of being an Aemergency service organization,@ as this is necessary for appellant to qualify as a Agovernmental unit.@  The record establishes the following relevant
facts:  the Fire Department received its
articles of incorporation on July 3, 1974. 
The stated purpose of the corporation was Ato
operate a non-profit volunteer fire department to serve the residents and
property owners of the City of Los Fresnos and the surrounding area, and for
such purpose to acquire, by purchase or otherwise, maintain and operate fire
trucks and other fire fighting equipment.@  Fire
fighting was therefore the sole purpose of the corporation; there was no
provision for emergency medical services or any other services.  In September of 1999, the Fire Department
received a determination letter from the IRS notifying it that the IRS
considered it a 501(c)(3) exempt organization. 
See 26 U.S.C. 501(c)(3) (1988). The determination letter and
other IRS materials warned, however, that A[a] ruling or determination letter recognizing
exemption may not be relied upon if there is a material change, inconsistent
with exemption, in the character, the purpose, or the method of operation of
the organization.@ 

In October of
2002, the City of Los Fresnos decided to divest itself of the Los Fresnos EMS,
which it had previously operated, and the City entered into a contract with the
Fire Department such that the Fire Department would take over operation of the
Los Fresnos EMS.  The Fire Department
then began paying taxes and wages for the Los Fresnos EMS employees; as a
volunteer organization, it had apparently not previously engaged in paying
employee wages and taxes.  








The Gonzalez
incident that triggered this litigation occurred in May of 2003, while the Fire
Department continued to operate the Los Fresnos EMS.  The Los Fresnos EMS subsequently filed its
own articles of incorporation in August of 2003 and became a separate entity
called ALos Fresnos Ambulance Service, Inc.@

Case law
regarding immunity draws a distinction between volunteer organizations and
those staffed by paid employees, as they are treated differently under relevant
legislative codes.  See Norrell v.
Gardendale Volunteer Fire Dep't, 115 S.W.3d 114, 117-18 (Tex. App.BSan Antonio 2003, no pet.) (relying on Harris
County v. Dillard, 883 S.W.2d 166, 167 (Tex. 1994)).  Thus, when the Fire Department took on the
responsibilities of running the Los Fresnos EMS from October 2002 to August
2003, its legal status as a potentially exempt organization changed.  It could not claim to be exempt under section
171.083 of the tax code because it was not exclusively involved in the
provision of emergency medical services but, rather, continued to retain its
fire-fighting and rescue duties.  See Tex. Tax Code Ann. ' 171.083.  It
also could no longer rely on its determination letter from the IRS establishing
its 501(c)(3) exempt status, given that it had substantially changed its
character and purpose.  It was no longer
a volunteer organization with the sole purpose of fighting fires but instead
had the dual purposes of fire fighting and providing emergency medical
services, and also had wage-making employees. 
See Rev. Proc. 80‑25,
1980‑1 C.B. 667, 671, 1980 IRB LEXIS 595, *18 (effective June 30,
1980).  Thus, without being able to rely
on its 501(c)(3) status, the Fire Department also could no longer claim to be
exempt under section 151.310 of the tax code. 
See Tex. Tax Code Ann.
' 151.310.  








We are not
determining, by this opinion, that the Fire Department could not operate as a
dual-purpose organization without losing its tax-exempt status; we are simply
noting that, under the standard of review for pleas to the jurisdiction, we are
constrained to rely upon our conclusion that the original letter establishing
tax-exempt status for the organization is no longer necessarily valid following
the changes made to the organization. Given this uncertainty, we cannot uphold
a ruling that requires little to no uncertainty about the underlying
jurisdictional facts.  

Construing the
pleadings liberally in favor of jurisdiction, we conclude that the Fire
Department, as of the date of the Gonzalez incident, was unable to claim
immunity as an Aemergency service organization@ under the tort claims act.   See Tex.
Civ. Prac. & Rem. Code Ann. ' 101.001; Silvas, 62 S.W.3d at 320.  It is therefore subject to suit for the
allegedly negligent acts of its employees or itself.  The trial court properly denied the Fire
Department=s plea to the jurisdiction.

Conclusion

The trial court=s order denying appellant=s plea to the jurisdiction is affirmed. 

 

 

                                           

ROGELIO VALDEZ

Chief Justice

 

Memorandum Opinion
delivered

and filed this 27th
day of April, 2006.











[1] Section 101.055(2) states that immunity will attach "from the
action of an employee while responding to an emergency call or reacting to an
emergency situation if the action is in compliance with the laws and ordinances
applicable to emergency action. . . ." See Tex. Civ. Prac. & Rem. Code Ann.  ' 101.055(2) (Vernon 2005). Section 101.062(b) provides a
public agency with immunity from suit for an employee's actions in connection
with 9-1-1 claims, unless the action violates a statute or ordinance applicable
to the action.  See id. ' 101.062(b).