The CITY OF ALTON, Appellant,

v.

SHARYLAND WATER SUPPLY CORPORATION, Appellee.

Turner, Collie & Braden, Inc., et al., Appellants,

v.

Sharyland Water Supply Corporation, Appellee.

Nos. 13–03–222–CV, 13–03–501–CV.

Court of Appeals of Texas, Corpus Christi–Edinburg.

Aug. 12, 2004.

Rehearing Overruled Nov. 4, 2004.

Marcus Montalvo, Montalvo & Ramirez, Walter J. Passmore, The Passmore Law Firm, McAllen, Tolbert L. Greenwood, Cantey & Hanger, L.L.P., Fort Worth, for Appellants.

Eileen Leeds, Willette & Guerra, Jeffrey D. Roerig, Roerig, Oliveira & Fisher, L.L.P., Attorneys At Law, Brownsville, J.W. Dyer, Sharon Almaguer, Dyer & Associates, L.L. Rodriguez, Attorney At Law, McAllen, for Appellees.

Before Chief Justice VALDEZ and Justices RODRIGUEZ and GARZA.

## OPINION

Opinion by Justice GARZA.

This opinion consolidates the holding of the Court in two related interlocutory appeals, *City of Alton v. Sharyland Water Supply Corp.*, No. 13–03–222–CV and *Turner, Collie & Braden, Inc. et al. v. Sharyland Water Supply Corp.*, No. 13–03–501–CV. Because the two appeals arose from the same underlying transaction and involved interrelated causes of action and defenses, this Court consolidated the cases on March 4, 2004. TEX.R.APP. P. 43.6; TEX.R. CIV. P. 174(a).

In *City of Alton v. Sharyland Water Supply Corp.*, appellant, City of Alton, brings an interlocutory appeal of the trial court's denial of its plea to the jurisdiction in a case arising from a dispute with appellee, Sharyland Water Supply Corporation, over the installation of Alton's sanitary sewer residential service connections. Alton complains that the trial court erred in denying its plea to the jurisdiction because its immunity from suit as a governmental entity has not been waived. We affirm in part and reverse in part to give Sharyland an opportunity to amend its pleadings.

In the related, consolidated case, *Turner, Collie & Braden, Inc., et al. v. Sharyland Water Supply Corp.*, appellants, Turner, Collie & Braden, Inc., Cris Equipment Company, and Carter & Burgess, Inc. ("Turner and Cris") appeal the denial of their joint plea to the jurisdiction as third-party defendants in the Alton–Sharyland dispute. Turner and Cris complain that the trial court erred in denying their plea to the jurisdiction which was based upon the sovereign immunity of Alton. We affirm the judgment of the trial court.

## Background

Sharyland is a nonprofit, member-owned water supply corporation. Sharyland has provided water to Alton under a "Water Supply Agreement" since Alton's incorporation in 1982. In exchange for Sharyland's promise to supply it with water, Alton conveyed its newly-constructed water distribution system to Sharyland and delegated to it the authority to set rates and regulate the operation of the system.

In addition to the supply and distribution of water for residential use, Alton required the installation of a sanitary sewer system. Alton contracted with Turner, Cris and other subcontractors to begin work on a plan for waste water collection improvements. As a part of this plan, lateral pipes were laid that extended from individual residences into larger main

lines. Many of these lateral pipes were installed so that they crossed over the pipes previously laid as a part of the water distribution system now owned by Sharyland. Sharyland became concerned about the close proximity of the pipes in the two systems, and claimed that the points where lines cross over each other were not properly constructed as required by the Texas Administrative Code. *See* 30 TEX. ADMIN. CODE § 317.13(1) (2003) (Texas Commission Environmental Quality, Design Criteria for Sewerage Systems). Sharyland also conducted tests of the substrate around these intersection points and claims that sewage is leaking from Alton's sewer lines, contaminating the soil and groundwater around Sharyland's water lines.

Sharyland brought suit against Alton, alleging negligence and breach of contract and requesting both injunctive and declaratory relief. Alton responded by filing a motion for summary judgment based on the official immunity of its employees. The trial court denied this motion; on appeal, this Court upheld the denial of the motion for summary judgment. *City of Alton v. Sharyland Water Supply Corp.*, No. 13–02–114–CV, 2003 WL 359988, at *2, 2003 Tex.App. LEXIS 1611, at *1 (Corpus Christi Feb. 20, 2003, no pet.) (memorandum opinion).

On October 24, 2000, Alton added appellants Turner and Cris, as well as appellant, Carter & Burgess, Inc., and Grab Pipeline Services, Inc., as third-party defendants. These parties were all contractors involved in the construction of the sewer system. Sharyland then amended its pleadings to additionally assert claims against these parties, specifically asserting negligence and breach of contract as a third-party beneficiary to the Alton-contractors' contracts.

On March 20, 2003, Alton filed a plea to the jurisdiction, asserting immunity from suit based on the Texas Tort Claims Act. TEX. CIV. PRAC. & REM.CODE ANN. § 101.025 (Vernon 1997). On April 2, 2003, Turner filed a plea to the jurisdiction, asserting Alton's immunity from suit under contract law. Cris and Alton also eventually joined in Turner's plea.

On April 21, 2003, Alton's initial plea to the jurisdiction was denied by the trial court. Alton immediately made its interlocutory appeal to this Court. TEX. CIV. PRAC. & REM.CODE ANN. § 51.014(a)(8) (Vernon Supp.2004). Specifically, Alton asserts that (1) the trial court does not have jurisdiction because Alton's immunity from suit has not been waived; (2) the trial court does not have jurisdiction because the contract between Alton and Sharyland is void; and (3) the trial court does not have jurisdiction over the contract because the City's immunity has not been waived by the contract. Both Alton and Sharyland filed briefs in this case that refer to the claim of immunity under contract law raised in the Turner/Cris/Alton plea to the jurisdiction that was at the time still under consideration by the trial court.

On August 13, 2003, the Turner/Cris/Alton plea to the jurisdiction was denied, and Turner and Cris made their interlocutory appeal to this Court. *Id.* In their appeal, Turner and Cris assert that under principles of contract law, Alton is immune from suits of this nature, and, as contractors for Alton, they share this immunity. The subsequent consolidation of these cases and rule 27.2 of the appellate rules of procedure allow this Court to fully consider the arguments raised in both appeals. TEX. R.APP. P. 27.2.

### Plea to the Jurisdiction

A party may submit a plea to the jurisdiction in order to assert that it enjoys

sovereign immunity from suit and therefore is not properly within the subject matter jurisdiction of the trial court. *Tex. Dep't of Transp. v. Jones,* 8 S.W.3d 636, 638 (Tex.1999) (per curiam). The limits of the trial court's subject matter jurisdiction is a question of law and subject to de novo review by the appellate court. *Tex. Natural Res. Conservation Comm'n v. IT–Davy,* 74 S.W.3d 849, 855 (Tex.2002). In a suit against a governmental unit, the plaintiff must affirmatively demonstrate the court's jurisdiction by alleging a valid waiver of immunity. *Dallas Area Rapid Transit v. Whitley,* 104 S.W.3d 540, 542 (Tex.2003). To determine if the plaintiff has met that burden, "we consider the facts alleged by the plaintiff and, to the extent it is relevant to the jurisdictional issue, the evidence submitted by the parties." *Tex. Natural Res. Conservation Comm'n v. White,* 46 S.W.3d 864, 868 (Tex. 2001). The court of appeals may look beyond the pleadings in this de novo review and evaluate the jurisdictional evidence submitted by both parties. *Bland Indep. Sch. Dist. v. Blue,* 34 S.W.3d 547, 555 (Tex.2000).

■ A plea to the jurisdiction asserts that the factual allegations in the plaintiff's pleadings, even when taken as true, fail to invoke the court's jurisdiction. *Texana Cmty. MHMR Ctr. v. Silvas,* 62 S.W.3d 317, 320 (Tex.App.-Corpus Christi 2001, no pet.). Thus, a trial court must construe the plaintiff's pleadings liberally in favor of jurisdiction. *Id.* However, the plaintiff ultimately bears the burden of alleging sufficient facts to demonstrate that the trial court does indeed have jurisdiction to hear a case. *Tex. Ass'n of Bus. v. Tex. Air Control Bd.,* 852 S.W.2d 440, 446 (Tex. 1993).

■ When a plaintiff fails to plead facts that establish jurisdiction, but the petition does not effectively demonstrate incurable defects in jurisdiction, the issue is one of pleading sufficiency and the plaintiff should be afforded an opportunity to amend. *County of Cameron v. Brown,* 80 S.W.3d 549, 555 (Tex.2002); *Peek v. Equip. Serv. Co.,* 779 S.W.2d 802, 805 (Tex.1989). However, if the pleadings affirmatively negate the existence of jurisdiction, a plea to the jurisdiction may be granted without allowing the plaintiff an opportunity to amend. *Brown,* 80 S.W.3d at 555.

### City of Alton

### 1. Immunity in Tort

■ We first address the denial of Alton's plea to the jurisdiction. In its appeal, Alton argues in two issues that it is immune from tort suits.

■ Absent a waiver of governmental immunity, a court has no jurisdiction to entertain a suit against a governmental unit. *Jones,* 8 S.W.3d at 638. One way to show that there has been such a waiver is to allege that the claimed injury falls within a statute that waives immunity for such an injury. *Whitley,* 104 S.W.3d at 542.

■ The claims of negligence and breach of contract brought by Sharyland are based on Alton's alleged acts of property damage inflicted on Sharyland's water distribution system. Under the Texas Tort Claims Act, a municipality may be held liable in tort for damages caused in the carrying out of its governmental functions, including the operation of sanitary sewers. TEX. CIV. PRAC. & REM.CODE ANN. § 101.0215 (Vernon 1997). However, it is not enough to allege that such damages have occurred; it must also be shown that the municipality has waived its governmental immunity from suit. *City of Mission v. Cantu,* 89 S.W.3d 795, 802 & n. 8 (Tex.App.-Corpus Christi 2002, no pet.). Immunity from liability and immunity from suit are two distinct principles. Im-

munity from suit will bar an action against a municipality even when the municipality would be liable, unless waiver has been expressly established through a statute or specific legislative permission. *Jones*, 8 S.W.3d at 638.

By statute, a governmental unit loses its immunity from suit for any property damage proximately caused by the negligence or wrongful acts of employees of that governmental unit, so long as the property damage arises "from the operation or use of a motor-driven vehicle or motor-driven equipment." TEX. CIV. PRAC. & REM.CODE ANN. § 101.021 (Vernon 1997). The terms "motor-driven vehicle" and "motor-driven equipment" are not defined in the statute. It has, however, been previously held that "use" means "to put or bring into act or service; to employ for a given purpose" and that the use of the equipment or vehicle must have actually caused the injury for the statute to apply. *White*, 46 S.W.3d at 869. Sharyland argues on appeal that because there are motor-driven pumps within the sanitary sewer system constructed by Alton and because motor-driven construction equipment such as backhoes and trenchers were used in the allegedly negligent installation of the sewage pipes, its property damage was in fact proximately caused by the operation and use of motor-driven vehicles and equipment. Thus, according to Sharyland, Alton's acts fall under a section of the Texas Civil Practice and Remedies Code that waives Alton's immunity from suit. TEX. CIV. PRAC. & REM.CODE ANN. § 101.021 (Vernon 1997).

The allegations regarding use of motor-driven equipment in Sharyland's most recent petition against Alton refer to the pumps used within the system for the collection and conveyance of sewage and to the earth-moving and construction equipment used to install the lateral residential connections. While the pumps and equipment at issue may fall within the common-sense, plain-language meaning of "motor driven equipment," *see White*, 46 S.W.3d at 868, none of the evidence submitted by either party would tend to show that the use or installation of the pumps is in any way related to the cause of property damage alleged by Sharyland (i.e., the passive leakage of waste water into the surrounding substrate from the lateral pipes that move sewage from residences into the main sewer lines).[1] Sharyland does not claim that these lateral residential connections are driven by pumps. The electrified pumps, although integrated throughout the system, do not actively drive the transportation of sewer water from the lateral pipes into the main lines; rather, Alton alleges, they drive the collection and conveyance of sewage in the main lines throughout the system. Sharyland does not dispute this fact anywhere in its filings to this Court.

Sharyland does argue that the operation of the pumps on the main lines serves to increase the pressure and volume of flow of raw sewage in the lateral sewer lines that cross Sharyland's water lines. As Sharyland has described it, however, this is only an indirect effect: whether the motorized pumps on the main lines were in operation or sitting completely idle, they do not appear to control the continuous leakage of waste water out of the lateral pipes. Waste water would be either moving through or collecting in the lateral pipes regardless of the use of the pumps. Thus, the use of motor-driven equipment elsewhere in the sewer system has not

---

1. Sharyland has focused on the lateral residential connections, and not the main sewer lines, because the only locations where Sharyland tested the soils and found evidence of contamination or faulty construction involved these lateral residential connections.

been adequately linked to the causation of the property damage allegedly inflicted. In addition, the use of motor-driven backhoes and trenchers did not cause the improper installation of pipes, nor did the use of such equipment trigger the claimed episodes of leakage.

Even construing the pleadings liberally in favor of jurisdiction, we can find only an extremely tenuous connection between the "use of motor-driven vehicle or motor-driven equipment" and the property damage alleged by Sharyland. The legal standard requires a much more direct cause-and-effect relationship between the use of motor-driven equipment and motors than the present pleadings reflect before immunity can be considered waived. *See White*, 46 S.W.3d at 869–70. The requisite nexus between the operation or use of the motor-driven equipment and the claimed property damage is lacking. *Whitley*, 104 S.W.3d at 543 ("This nexus requires more than mere involvement of property.... Rather, 'the [vehicle]'s use must have actually caused the injury.'" (citations omitted)). In its current petition, Sharyland has not adequately demonstrated that Alton caused property damage through the use of motor-driven equipment or vehicles.

 Sharyland has failed in its current petition to plead torts with which Alton can be charged. However, this does not foreclose Sharyland from asserting tort-based claims against Alton. As this Court has previously noted, "Only where the court can see from the allegations of a pleading that, *even by amendment*, no cause of action can be stated consistent with the facts alleged that it can be said that the court is without jurisdiction." *Ramirez v. Lyford Consol. Indep. Sch. Dist.*, 900 S.W.2d 902, 906 (Tex.App.-Corpus Christi 1995, no writ) (citing *Bybee v. Fireman's Fund Ins. Co.*, 160 Tex. 429, 331 S.W.2d 910, 917 (1960)) (emphasis added).

If a petition fails to establish jurisdictional facts but does not demonstrate incurable defects, the party is to be given an opportunity to amend its petition. *See Brown*, 80 S.W.3d at 555.

While the current petition fails to overcome the "motor driven vehicles or equipment" requirement in the Texas Tort Claims Act, Sharyland's pleadings do not affirmatively demonstrate an incurable jurisdictional defect, but merely a pleading deficiency. *See id.* We believe Sharyland can amend its pleadings consistent with the facts alleged by specifically linking the causation of its damages to Alton's use of the motorized pumps and may thereby overcome this jurisdictional hurdle.

Accordingly, we reverse and remand to the trial court on this issue so the plaintiff can be provided the opportunity to amend its pleadings. *See Brown*, 80 S.W.3d at 559.

## 2. Immunity in Contract

Sharyland also asserts breach of contract claims against Alton, which Alton defends on two grounds: (1) the underlying contract is void; and (2) Alton is immune from breach of contract claims.

 Alton claims that its contract with Sharyland is void on three grounds: (1) the contract is for an indefinite period and is therefore void; (2) the contract improperly delegates the city's rate-making authority in violation of law and is therefore void; and (3) the contract transferred the water system to Sharyland without a vote contrary to statute and is therefore void. However, because it makes no difference to the immunity analysis whether the underlying contract is void, we decline to address these arguments. *See Tex. A&M University–Kingsville v. Lawson*, 87 S.W.3d 518, 523 (Tex.2001) ("Immunity from suit does not turn on the validity of

the ... agreement sued on."). Further, the Texas Supreme Court has found that arguments as to the validity or voidness of contracts are inappropriately raised on interlocutory appeals from pleas to the jurisdiction, and should be addressed instead in further proceedings. *See id.* In light of this, we focus our analysis only on the question of Alton's contractual immunity and do not address the arguments on voidness.

 There are again two elements in establishing waiver: waiver of immunity from liability for breach of contract and waiver of immunity from suit under the contract. *See Travis County v. Pelzel & Assocs.*, 77 S.W.3d 246, 248 (Tex.2002). The first element, immunity from liability from breach of contract, is satisfied by the act of the governmental entity entering into a contract with a private party. *See Lawson*, 87 S.W.3d at 520; *Gen. Servs. Comm'n v. Little–Tex Insulation Co.*, 39 S.W.3d 591, 594 (Tex.2001) (a state waives immunity from liability when it contracts with private citizens). However, an extra step is required to also waive immunity from suit: the legislature must expressly consent to waive governmental immunity from suit and absent consent, the trial court lacks jurisdiction over any case arising from the contract. *See Pelzel*, 77 S.W.3d at 248. The government must consent to the suit and waive its immunity fully through statute or legislative resolution. *Id.; IT–Davy*, 74 S.W.3d at 858. Such a waiver must be expressed by "clear and unambiguous language." *Fed. Sign v. Tex. So. Univ.*, 951 S.W.2d 401, 405 (Tex. 1997).

As Sharyland notes, such a clear and unambiguous waiver has been made by the Texas legislature on behalf of Alton. Section 51.013 of the local government code asserts plainly, "The municipality may sue and be sued, implead and be impleaded, and answer and be answered in any matter in any court or other place." TEX. LOC. GOV'T CODE ANN. § 51.013 (Vernon 1999). We hold that this language expresses an unambiguous waiver of immunity from suit in this case. *See State v. Kreider*, 44 S.W.3d 258, 266 (Tex.App.-Fort Worth 2001, pet. denied) (relying on section 51.013 to conclude that municipalities do not have immunity from suit). Alton, a municipality governed by this statute, has therefore waived immunity from liability and immunity from suit by entering in to the water-supply agreement with Sharyland.

The trial court did not err when it denied Alton's plea to the jurisdiction on the issue of breach of contract. Accordingly, we overrule Alton's issues on appeal and affirm the judgment of the trial court on this issue.

### Turner and Cris

 We now turn to the denial of Turner and Cris's plea to the jurisdiction. These appellants are not and do not claim to be governmental entities. However, by one issue, they assert that Alton is immune from suits of this nature and, as contractors for Alton, they share similar immunity, though no authority is cited for this proposition. Sharyland disputes the claims that Alton has immunity in this suit and that appellants can assert Alton's immunity for themselves.

As Alton's immunity has previously been analyzed, the sole question that remains to be considered on this appeal is whether Turner and Cris, as parties who contracted with Alton, can assert that they are also immune.

 The de novo review requires this court to examine the parties' pleadings and to accept allegations by the plaintiff as true. *Silvas*, 62 S.W.3d at 320. Shary-

land is asserting its claim against Turner and Cris as a third-party beneficiary to the Alton–Turner/Cris contracts for construction of the sewer system. There is a legal presumption against, not in favor of, third-party beneficiary agreements, and absent any clear indication in the contract that the parties intended to confer a direct benefit to the third party, the third party may not maintain an action as a third-party beneficiary. *MCI Telecomm. Corp. v. Tex. Utils. Elec. Co.*, 995 S.W.2d 647, 652 (Tex.1999). Sharyland does not explain in its brief why it can be considered a third-party beneficiary to the Alton–Turner/Cris contracts. However, this Court is constrained by the limits of its review of a plea to the jurisdiction and must construe Sharyland's pleadings liberally in favor of jurisdiction. *Silvas*, 62 S.W.3d at 320. Thus, taking the allegations in plaintiff's petition as true, we begin the analysis with the presumption that Sharyland is a proper third-party beneficiary to the Alton–Turner/Cris contracts.

 Third-party beneficiaries to a contract acquire the same rights and standing to enforce the contract as those held by one of the contracting parties. *Paragon Sales Co. v. New Hamp. Ins. Co.*, 774 S.W.2d 659, 660 (Tex.1989); *Dairyland County Mut. Ins. Co. v. Childress*, 650 S.W.2d 770, 775 (Tex.1983). Here, Sharyland as a third-party beneficiary can act to enforce Turner and Cris's contractual duties to Alton. In its petition before the trial court, Sharyland alleged that these appellants were liable in their negligent construction of the sewer lines, that they engaged in negligence per se by violating sections of the Texas Administrative Code establishing design criteria for sewer systems, and that they breached their contract with Alton for the proper construction of a sewer system. Sharyland alleged that Turner and Cris were directly liable

for these acts, and not liable only as agents or employees of the city. These are all claims that could have been alleged against Turner and Cris by Alton as a party to the contract and thus are claims that Sharyland, as a third-party beneficiary, may properly assert. *See Paragon,* 774 S.W.2d at 660.

Turner and Cris are independent contractors, and the act that provides governmental immunity to various employees and agents of the government specifically excludes independent contractors and their employees. TEX. CIV. PRAC. & REM.CODE ANN. § 101.001(2) (Vernon Supp.2003). Therefore, when Sharyland essentially stepped into the shoes of Alton in raising these claims against Turner and Cris, they could not assert Alton's sovereign immunity as their own defense.

Alton, the first-party defendant, initially joined Turner and Cris as third-party defendants. According to rule 38(a) of the rules of civil procedure, when the plaintiff asserts any claims against a third-party defendant, the third-party defendant "thereupon shall assert *his* defenses and *his* counterclaims and cross-claims." TEX.R. CIV. P. 38(a) (emphasis added). The defenses of the original defendant are not available to the third-party defendant against the plaintiff; the third-party defendant must assert his own defenses only. Turner and Cris asserted no defenses other than that of Alton's sovereign immunity. As they do not enjoy this immunity and provided no other independent defenses on their own behalf for the court's consideration, we overrule their issue on appeal and affirm the judgment of the trial court on this plea to the jurisdiction.

## Conclusion

In *City of Alton v. Sharyland Water Supply Corp.*, we affirm the court's order on the issue of contract immunity in favor

of Sharyland and against Alton, and reverse and remand it on the issue of tort immunity to allow Sharyland an opportunity to amend its pleadings. In *Turner, Collie & Braden, Inc. et al. v. Sharyland Water Supply Corp.*, we affirm the court's order in favor of Sharyland and against Turner and Cris.