NUMBER
13-04-340-CV

                                 COURT OF
APPEALS

                     THIRTEENTH DISTRICT OF
TEXAS

                         CORPUS CHRISTI B EDINBURG

 

CITY OF WESLACO,                                                                        Appellant,

                                                             v.

ROBERT THEOBALD,                                                                       Appellee.

 

 

                On appeal from the County Court at
Law No. 4

                                        of
Hidalgo County, Texas.

 

 

 

                                M
E M O R A N D U M   O P I N I O N

 

     Before Chief Justice
Valdez and Justices Castillo and Garza

 

      Opinion by Chief
Justice Valdez

 

 

 








Appellant, City of Weslaco, brings an interlocutory
appeal of the trial court=s denial of its plea to the jurisdiction in a case
brought by appellee, Robert Theobold.[1]  In one issue, the City argues that the trial
court erred in denying its plea to the jurisdiction because it enjoys immunity
from this suit under the Texas Tort Claims Act. 
We affirm.

Background

This dispute arose when the City of Weslaco, without
Theobold=s knowledge or permission, removed a sewer line on a
vacant lot owned by Theobold and adjacent to his residence.  The City hired J.M. Construction to remove
the line.  J.M. Construction, which is
owned by Juan Mendoza, used motor-driven trenchers and backhoes to accomplish
the removal.  When the line was removed,
J.M. Construction left an open Astub@ which, according to Theobold=s petition, allowed sewage to accumulate on his
property.  A trench left open after the
removal also began to fill with liquid sewage.

Theobold alleges that the removal of the line on the
vacant lot left his residence without sewer service, and that when he
complained to the City, the City responded by hiring Mike=s Plumbing, a company owned by Mike Hinojosa.  Mike=s Plumbing then reconnected Theobold=s home to another sewer line, again using
motor-driven trenchers, backhoes and other equipment.  According to Theobold=s petition, Mike=s
Plumbing, while reconnecting the home to the sewer system, cut through the
foundation of Theobold=s home and caused damage.  The City allegedly promised Theobold that the
damage would be repaired, but it was not. 
Theobold asserts that these problems have caused his home to become
substantially contaminated with mold.








Theobold sued the City for his damages.  The City responded by filing a plea to the
jurisdiction asserting that it was immune from Theobold=s suit.  The
trial court denied the plea which the City appeals to our Court in one issue:
the trial court erred in denying the City=s plea to the jurisdiction because Theobold has
failed to establish that the City waived its immunity.  Specifically, the City alleges that Theobold
failed to establish that J.M. Construction and Mike=s Plumbing were Aemployees@ of the City when they performed the tasks related
to the removal and reconnection of Theobold=s
sewer lines.

Plea to the Jurisdiction








A party may submit a plea to the jurisdiction in
order to assert that it enjoys  sovereign
immunity from suit and therefore is not properly within the subject matter
jurisdiction of the trial court.  Tex.
Dep't of Transp. v. Jones, 8 S.W.3d 636, 638 (Tex. 1999) (per curiam).  The limits of the trial court's subject
matter jurisdiction is a question of law and subject to de novo review by the
appellate court.  Tex. Natural Res.
Conservation Comm'n v. IT‑Davy, 74 S.W.3d 849, 855 (Tex. 2000).  In a suit against a governmental unit, the
plaintiff must affirmatively demonstrate the court's jurisdiction by alleging a
valid waiver of immunity.  Dallas Area
Rapid Transit v. Whitley, 104 S.W.3d 540, 542 (Tex. 2003).  To determine if the plaintiff has met that
burden, "we consider the facts alleged by the plaintiff and, to the extent
it is relevant to the jurisdictional issue, the evidence submitted by the
parties."  Tex. Natural Res.
Conservation Comm'n v. White, 46 S.W.3d 864, 868 (Tex. 2001).  The court of appeals may look beyond the
pleadings in this de novo review and evaluate the jurisdictional evidence
submitted by both parties.  Bland
Indep. Sch. Dist. v. Blue, 34 S.W.3d 547, 555 (Tex. 2000).  The court must also take the plaintiff=s pleadings as true when evaluating them for
purposes of jurisdiction and must construe them liberally in favor of
jurisdiction.  Texana Cmty. MHMR Ctr.
v. Silvas, 62 S.W.3d 317, 320 (Tex. App.BCorpus
Christi 2001, no pet.).  

The plaintiff ultimately bears the burden of
alleging sufficient facts to demonstrate that the trial court does indeed have
jurisdiction to hear a case.  Tex.
Ass'n of Bus. v. Tex. Air Control Bd., 852 S.W.2d 440, 446 (Tex.
1993).  When a plaintiff fails to plead
facts that establish jurisdiction, but the petition does not effectively
demonstrate incurable defects in jurisdiction, the issue is one of pleading
sufficiency and the plaintiff should be afforded an opportunity to amend.  County of Cameron v. Brown, 80 S.W.3d
549, 555 (Tex. 2002);  City of Alton
v. Sharyland Water Supply Corp., 145 S.W.3d 673, 680 (Tex. App.BCorpus Christi 2004, no pet.).  If, however, the pleadings affirmatively
negate the existence of jurisdiction, a plea to the jurisdiction may be granted
without allowing the plaintiff an opportunity to amend.  See Brown, 80 S.W.3d at 555.

Texas Tort Claims Act








Governmental entities are generally immune from
prosecution for negligence except as provided by the Texas Tort Claims Act.[2]
 See Tex. Civ. Prac. &
Rem. Code Ann. '' 101.001 et seq. (Vernon 2005).    Under this act, a municipality may be
held liable in tort for damages caused in the carrying out of its governmental
functions, including the operation of sanitary sewers.  See id. ' 101.0215
(9), (32) (Vernon 2005).  It is not
enough, however, to allege that such damages have occurred; it must also be
shown that the municipality has waived its governmental immunity from suit.  City of Alton, 145 S.W.3d at 678; City
of Mission v. Cantu, 89 S.W.3d 795, 802 & n.8 (Tex. App.BCorpus Christi 2002, no pet.). 

Immunity from liability and immunity from suit are
two distinct principles. Here, the City asserts immunity from suit.  Immunity from suit will bar an action against
a municipality even when the municipality would be liable, unless waiver has
been expressly established through a statute or specific legislative
permission.  Jones, 8 S.W.3d at
638.  In this case, the applicable
statute waives immunity from suit for the following:

(1) property damage, personal injury, and death
proximately caused by the wrongful act or omission or the negligence of an
employee acting within his scope of employment if:

 

(A) the property damage, personal injury, or death
arises from the operation or use of a motor‑driven vehicle or motor‑driven
equipment; and

 

(B) the employee would be personally liable to the
claimant according to Texas law . . . .

 

Tex. Civ. Prac. & Rem.
Code Ann. ' 101.021 (Vernon 2005). 

Here, the City does not dispute that the property
damage arose from the use of motor-driven equipment.  Instead, the City argues that the property
damage was actually caused by independent contractors and not City employees;
therefore, any City employee involved would not be personally liable to
Theobold.  See id.  As the City asserts in its appellate brief, ANo City employee could be personally liable to the
appellee according to Texas law, since no City employee actually used any motor
driven equipment or motor driven vehicles to remove the sewage line.@  Instead,
according to the City=s arguments, only JM Construction and Mike=s Plumbing are liable for any torts or negligent
acts.








The Tort Claims Act defines an employee as "a
person, including an officer or agent, who is in the paid service of a
governmental unit by competent authority, but does not include an independent
contractor, an agent or employee of an independent contractor, or a person who
performs tasks the details of which the governmental unit does not have the
legal right to control."   Tex. Civ. Prac. & Rem. Code Ann. ' 101.001(2) (Vernon 2005).  The test for determining whether an
employment or an independent contractor relationship exists is whether the
purported employer has a right to control the details of the person's
work.  See Shell Oil Co. v. Khan,
138 S.W.3d 288, 292 (Tex. 2004); St. Joseph Hosp. v. Wolff, 94 S.W.3d
513, 542 (Tex. 2003); see also Coco v. Port of Corpus Christi Port Auth.,
132 S.W.3d 689, 693 (Tex. App.BCorpus Christi 2004, no pet.).

If a hired party is an independent contractor, then
the hiring party is not liable for the torts or negligence of the hired
party.  See St. Joseph Hosp., 94
S.W.3d at 542.   If, however, the hired
party is the employee or borrowed servant of the hiring party, the hiring party
must treat the hired party as its own agent or servant and assume liability for
any wrongdoing committed in the course of the job.  See id. 








In this case, however, we are not required to
undergo the Aborrowed servant versus independent contractor@ analysis to determine whether JM Construction and
Mike=s Plumbing were independent contractors or Aborrowed servants@ of
the City.  Reading the pleadings
liberally in the light most favorable to the nonmovant, we see that Theobold
has complained that the City is liable for (1) disconnecting the home from the
sewer system without notice to Theobold of the disconnection and lack of sewer
service and (2) causing damage to his home by failing to properly correct the
problem.  Thus, Theobold has complained
about decisions made at the level of City employees as well as about the Aon the ground@ activities of the contractors.  Theobold complains that City employees acted
negligently in carrying out the policies related to the public sewage system in
relation to his home.   In support of his
claims, he cites to the depositions of the parties involved, which establish
that the decision to disconnect the Theobold sewer was made by Gilbert Aguilar,
the Assistant Director of Wastewater, and that inspections of the work were
performed by a City permit inspector.  
Aguilar stated that it was believed this line was abandoned, he was
ordered to disconnect the sewer by a supervisor, and he handled this type of
work as a code enforcement issue for the City. 
The proprietors of JM Construction and Mike=s Plumbing reported that they were told what tasks
to perform and when and where to perform them by City employees.  Therefore, both the decision to act and the
failure to notify Theobold, which together make up the crux of Theobold=s complaint, were handled by City employees acting
in a non-discretionary manner in accordance with their duties.  

Previous decisions have found this nexus between the
operation of motor-driven vehicles and the negligent carrying-out of
non-discretionary duties by governmental personnel sufficient to waive
immunity.  See City of El Paso v.
W.E.B. Investments, 950 S.W.2d 166, 170 (Tex. App.BEl Paso 1997, pet. denied) (waiving City=s immunity when street operations supervisor
mistakenly ordered a third party's motor‑driven equipment to demolish a
condemned building); see also City of El Campo v. Rubio, 980 S.W.2d 943,
945-46 (Tex. App.BCorpus Christi 1998, pet. dism'd w.o.j.) (waiving
City=s immunity when police officer ordered unlicensed
third party to operate motor vehicle). 
We agree with the reasoning in City of El Paso and City of El
Campo, and we similarly hold that the injury to Theobold triggered by the
use of motor-driven vehicles and equipment was proximately caused by the
alleged negligence of City employees.








Accordingly, we conclude that Theobold=s pleadings adequately established that the City
performed acts sufficient to waive its sovereign immunity.  Therefore, the trial court did not err in
denying the City=s plea to the jurisdiction.  The City=s single issue on appeal is overruled and the
judgment of the trial court is affirmed. 

 

 

                                           

Rogelio Valdez,

Chief Justice

 

 

 

 

Memorandum Opinion delivered and filed

this 27th day of October, 2005.











[1]See Tex. Civ.
Prac. & Rem. Code Ann. ' 51.014(a)(8) (Vernon Supp.
2004-05).

 





[2] Government employees are entitled
to official immunity in the performance of discretionary duties performed in
good faith within the scope of their authority. 
See City of Lancaster v. Chambers, 883 S.W.2d 650, 653 (Tex.
1994).  A discretionary act is one that
requires personal deliberation, decision, and judgment.  Id. at 654.  Thus, if the negligence causing an injury
lies in the formulation of policy, or, as in this case, the discretionary
formulation of an order, the government remains immune from liability.  See City of Brownsville v. Alvarado,
897 S.W.2d 750, 754 (Tex. 1995).  If,
however, an officer or employee acts negligently in carrying out that policy or
order, government liability may exist under the tort claims act.  Id.