NUMBER 13-05-253-CV

 

                         COURT OF APPEALS

 

                     THIRTEENTH
DISTRICT OF TEXAS

 

                         CORPUS
CHRISTI - EDINBURG

 

CITY OF PASADENA,                                                           Appellant,

 

                                                             v.                                

 

ENVIRONMENTAL INFRASTRUCTURE

GROUP, L.P., ET AL.,                                                            Appellees.

 

        On
appeal from the 11th District Court of Harris County, Texas.

 

 

                               MEMORANDUM
OPINION

 

                         Before
Justices Castillo, Garza, and Wittig[1]


                            Memorandum
Opinion by Justice Wittig

 








The City of Pasadena, appellant, brings this
interlocutory appeal of the trial court=s denial of its plea to the jurisdiction.  The plea was premised upon the assertion the
trial court lacked subject matter jurisdiction because of sovereign
immunity.  We affirm the trial court=s ruling.

I.  Standard
of Review

This court has jurisdiction to review the
interlocutory order denying appellant=s plea to the jurisdiction.  Tex.
Civ. Prac. & Rem. Code Ann. ' 51.014(a)(8) (Vernon 2004).  We review the trial court=s order de novo. 
Mayhew v. Town of Sunnyvale, 964 S.W.2d 922, 938 (Tex 1998).  The facts and background are known to the
parties and will not be reiterated.  See
Tex. R. App. P. 47.4.  

      
II.  Discussion and Holding

Appellant argues that its charter language allowing
it to Asue and be sued@ does not waive immunity.  Appellee, Kinsel Industries, Inc., argues the
trial court appropriately relied upon the law within its jurisdiction.  We agree.








In denying appellant=s plea
to the jurisdiction, the trial court expressly relied upon Texas Local
Government Code section  51.075
(municipality may plead and be impleaded in any court) and three opinions from
Houston=s two courts of appeal.  See Tex.
Loc. Gov=t Code Ann. ' 51.075 (Vernon 1999).  Our own review indicates that a statute which
provides that a certain state entity can "sue and be sued" meets the
legislative permission requirement that waives immunity from suit.  Mo. Pac. RR. Co. v. Brownsville Navigation
Dist., 453 S.W.2d 812, 813 (Tex.1970); see City of Alton v.
Sharyland Water Supply Corp., 145 S.W.3d 673, 680 (Tex. App.BCorpus Christi 2004, no pet.).  As an intermediate appellate court, we are
bound by supreme court precedent.  Lubbock
Cty. v. Trammel's Lubbock Bail Bonds, 80 S.W.3d 580, 585 (Tex.2002)
(requiring intermediate appellate courts to follow supreme court precedent and
leave to the supreme court the matter of abrogating or modifying its own
precedent).   This rule of waiver would
likewise apply to the "sue and be sued" language found in the City's
charter.  United Water Servs., Inc. v.
City of Houston, 137 S.W.3d 747, 751 (Tex. App.BHouston [1st Dist.] 2004, pet. filed).  In addition to United Water, the trial
court relied on City of Houston v. Clear Channel Outdoor, Inc., 161
S.W.3d. 3, 14 (Tex. App.BHouston [14th Dist.] 2004, pet. filed) (local
government code section 51.075 waives immunity from suit) and City of
Houston v. Boyer, Inc.  No.
01-04-00153-CV, 2004 Tex. App. LEXIS 8785, *5 (Tex. App.BHouston [1st Dist.] Sept. 30, 2004, no pet.)
(following United Water Services). 
See also Serv. Employment Redevelopment v. Fort Worth Indep. Sch.
Dist., 163 S.W.3d. 142, 159  (Tex.
App.BFort  Worth
2005, pet. filed) (joining majority of courts holding Missouri Pacific has
not been overruled).

While we acknowledge that other appellate
jurisdictions are in conflict with our own, the trial court appropriately
followed both Supreme Court precedent and the law within the jurisdiction and
forum where the trial court sits.  We
overrule appellant=s sole issue and affirm the order of the trial
court.

 

 

DON WITTIG,

Justice

 

Memorandum Opinion delivered and 

filed this the 16th day of March, 2006.               











[1] 
Retired Fourteenth Court of Appeals Justice Don Wittig was assigned to
this Court by the Chief Justice of the Supreme Court of Texas pursuant to the
government code.  Tex. Gov=t Code
Ann. ' 74.003 (Vernon 2005).