Opinion issued August 2, 2007








 






In The

Court of Appeals

For The

First District of Texas






NO. 01-07-00133-CV






CITY OF PASADENA, Appellant


V.


CROUCH/KST ENTERPRISES, LTD., ENVIRONMENTAL
INFRASTRUCTURE GROUP, L.P., KINSEL INDUSTRIES, INC., AND
TRAVELERS CASUALTY AND SURETY COMPANY OF AMERICA,
Appellees






On Appeal from the 151st District Court

Harris County, Texas

Trial Court Cause No. 2004-11908








MEMORANDUM OPINION


 This interlocutory appeal arises from the trial court's order denying the City of
Pasadena's ("the City's") plea to the jurisdiction filed in response to a breach of
contract suit. In its sole issue, the City contends that the trial court erred in denying
its plea because the City had not waived its immunity from suit with respect to
appellee, Crouch/KST Enterprises, Ltd. ("Crouch"). We reverse the trial court's
order, as to Crouch's claims only, and we render judgment dismissing Crouch's
claims against the City for want of jurisdiction. Background

 In the summer of 2000, the City entered into a contract ("the Prime Contract")
with Kinsel Industries, Inc. ("Kinsel"), whereby Kinsel agreed to furnish the labor,
materials, and equipment necessary for the City's construction of a wastewater
treatment plant. Shortly thereafter, Kinsel entered into a subcontract agreement ("the
Subcontract") with Crouch for the performance of certain electrical work related to
the construction of the wastewater treatment plant. According to Crouch's pleadings,
the Subcontract documents consisted of the agreement between Crouch and Kinsel,
the Prime Contract, and the conditions of the Prime Contract. The City was not a
party to the Subcontract.

 Crouch's pleadings further allege that, during the course of its performance
under the Subcontract, it encountered numerous delays as a result of Kinsel's failure
to properly schedule the other subcontractors working on the wastewater treatment
plant. Crouch initiated the instant lawsuit seeking, in part, recovery of the expenses
incurred as a result of the delay from Kinsel, its agent or successor, Environmental
Infrastructure Group, L.P. ("EIG"), and its bonding company, Travelers Casualty
Surety Company of America ("Travelers"). Kinsel, in turn, filed a motion for leave
to designate the City as a Responsible Third Party, asserting that the unanticipated
increase in the cost suffered by it and its subcontractors was a result of the delay
caused by the actions and omissions of the City. Thereafter, Crouch amended its
pleadings to assert a breach of contract claim against the City; specifically, Crouch
argued that it was a third-party beneficiary to the Prime Contract and sought damages
for the City's breach of that contract. 

 The City responded by filing a plea to dismiss the suit for lack of jurisdiction
on the grounds that neither Kinsel nor Crouch were able to establish a waiver of
governmental immunity for breach of contract claims under the Local Government
Code. The trial court denied the City's plea, and the City filed this interlocutory
appeal, complaining of the denial only as to Crouch's claims.

Plea to the Jurisdiction

 In its sole issue, the City argues that the trial court erred in denying its plea to 

the jurisdiction because the City did not waive its immunity from suit. Specifically,
the City argues that there was no waiver of governmental immunity because (1) the
statutory waiver provided for in section 271.152 of the Local Government Code
cannot be invoked by a third-party beneficiary to a contract and, (2) even if it could
be invoked by a third-party beneficiary, Crouch is not a third-party beneficiary as a
matter of law. (1) We hold that, because Crouch is not a third-party beneficiary to the
Prime Contract, the trial court erred in denying the City's plea to the jurisdiction. 

Standard of Review

 A plea to the jurisdiction is a dilatory plea challenging a trial court's authority
to determine the subject matter of the cause of action without defeating the merits of
the case. City of Houston v. Northwood Mun. Util. Dist. No. 1, 73 S.W.3d 304, 308
(Tex. App.--Houston [1st Dist.] 2001, pet. denied) (citing Bland Indep. Sch. Dist. v.
Blue, 34 S.W.3d 547, 554 (Tex. 2000)). While the underlying claims may form the
context in which a plea to the jurisdiction is raised, the purpose of the plea is not to
preview or delve into the merits of the case, but to establish the reason why the merits
of the underlying claims should never be reached. Id. This does not mean that
evidence cannot be offered on a dilatory plea; on the contrary, the issues raised by a
dilatory plea are often such that they cannot be resolved without hearing evidence. 
Bland Indep. Sch. Dist., 34 S.W.3d at 554. And, because a court must not act without
determining that it has subject matter jurisdiction to do so, it should hear evidence as
necessary to determine the issue before proceeding with the case. Id. 

 In a plea to the jurisdiction, "the pleader must allege facts that affirmatively
demonstrate the court's jurisdiction to hear the cause." City of Houston v. Rushing,
7 S.W.3d 909, 913 (Tex. App.--Houston [1st Dist.] 1999, pet. denied). It is proper
for a trial court to dismiss claims over which it does not have subject matter
jurisdiction but retain claims in the same case over which it has jurisdiction. Thomas
v. Long, 207 S.W.3d 334, 338-39 (Tex. 2006). That is, a trial court is not required
to deny an otherwise meritorious plea to the jurisdiction concerning some claims
because the trial court has jurisdiction over other claims. Id. at 339. A trial court's
ruling on a plea to the jurisdiction presents a legal question which is reviewed de
novo. See Northwood, 73 S.W.3d at 308. 

 Governmental Immunity in Breach of Contract Suits 

 In Texas, governmental immunity has two components: immunity from
liability, which bars enforcement of a judgment against a governmental entity, and
immunity from suit, which bars suit against the entity altogether. Tooke v. City of
Mexia, 197 S.W.3d 325, 332 (Tex. 2006). By entering into a contract, a
governmental entity necessarily waives immunity from liability, voluntarily binding
itself like any other party to the terms of the agreement, but it does not waive
immunity from suit. Id. Texas courts consistently defer to the Legislature to waive
sovereign immunity from suit because this allows the Legislature to protect its
policymaking function. Id. This is particularly true in the context of contract claims,
where "legislative control over sovereign immunity allows the Legislature to respond
to changing conditions and revise existing agreements if doing so would benefit the
public." Id. To ensure that legislative control is not lightly disturbed, a waiver of
immunity must be "clear and unambiguous." Id. at 332-33. 

 Section 271.152 of the Texas Local Government Code clearly and
unambiguously waives local governments' immunity from suit for certain contractual
claims and damages. See Tex. Loc. Gov't Code Ann. § 271.152 et seq. (Vernon
2005). Specifically, section 271.152 provides that: 

[a] local governmental entity that is authorized by statute or the
constitution to enter into a contract and that enters into a contract subject
to this subchapter waives sovereign immunity to suit for the purpose of
adjudicating a claim for breach of the contract, subject to the terms and
conditions of this subchapter. 


Id. In the instant action against the City for breach of the Prime Contract, the City,
as a municipality, is included within the statutory definition of a "local governmental
entity," and the Prime Contract between the City and Kinsel is a "contract subject to
this subchapter" because it is a "written contract stating the essential terms of the
agreement for providing goods or services to [a] local governmental entity that [was]
properly executed on behalf of the local governmental entity." See id. § 271.151(2),
(3)(A). In addition, the delay damages sought by Crouch against the City are
included within the statute's limited damages provision. Id. § 271.153 (indicating
that the total amount of money awarded against a local governmental entity in a
breach of contract action may include "any amount owed as compensation for the
increased cost to perform the work as a direct result of owner-caused delays . . . .").
As previously stated, however, the City argues that section 271.152 is inapplicable
here because the waiver of governmental immunity provided therein cannot be
invoked by a third-party beneficiary. 

 Assuming, without deciding, that a third-party beneficiary may invoke the
waiver of governmental immunity under section 271.152, we determine whether
Crouch is, as a matter of law, a third-party beneficiary to the Prime Contract. In so
doing, we are constrained by the limits of our review of a plea to the jurisdiction and
must construe Crouch's pleadings liberally in favor of jurisdiction. City of Alton v.
Sharyland Water Supply Corp., 145 S.W.3d 673, 682 (Tex. App.--Corpus Christi
2004, no pet.). 

 Crouch's pleadings allege that it is a third-party beneficiary to the Prime
Contract because (1) the Subcontract incorporated the provisions of the Prime
Contract and (2) the Prime Contract was intended to benefit Crouch. It is well-established that the intention of the contracting parties is controlling in determining
whether a third party can enforce a contract. MCI Telecomms. Corp. v. Tex. Utils.
Elec. Co., 995 S.W.2d 647, 651 (Tex. 1999). We glean intent from what the parties
said in their contract, not what they allegedly meant. Esquivel v. Murray Guard, Inc.,
992 S.W.2d 536, 544 (Tex. App.--Houston [14th Dist.] 1999, pet. denied). The
intention to confer a direct benefit on a third party must be clearly and fully spelled
out in the four corners of the contract. MCI Telecomms., 995 S.W.2d at 651. Thus,
we may not create a third-party-beneficiary contract by implication. Id. For these
reasons, there is generally a presumption against, not in favor of, third-party
beneficiary agreements. Id. That is, it is presumed that the parties contracted for
themselves unless it clearly appears that they intended a third party to benefit from
the contract. Id. Because of this presumption, third-party-beneficiary claims will
generally be denied unless: (1) the obligation of the bargain-giver is fully spelled out,
(2) it is unmistakable that a benefit to the third party was contemplated by the primary
contracting parties, and (3) the primary parties contemplated that the third party
would be vested with the right to sue for enforcement of the contract. Whitten v.
Vehicle Removal Corp., 56 S.W.3d 293, 312 (Tex. App.--Dallas 2001, pet. denied). 
If there is any reasonable doubt as to the intent of the contracting parties to confer a
direct benefit on the third party, then the third-party-beneficiary claim must fail. Id. 

 Here, the Prime Contract documents consist of nearly 100 pages. Crouch
asserts that the Prime Contract's provision guaranteeing that "[a]ll work performed
for [Kinsel] by a Subcontractor or Supplier will be pursuant to an appropriate
agreement between [Kinsel] and the Subcontractor or Supplier which specifically
binds the Subcontractor or Supplier to the applicable terms and conditions of the
Contract Documents for the benefit of [the City]" demonstrates an intent to confer
third-party benefits to subcontractors like Crouch. After reviewing the record,
however, we cannot conclude that the Prime Contract clearly and fully spells out an
intent on behalf of the City and Kinsel to confer a direct benefit upon Crouch. See
MCI Telecomms., 995 S.W.2d at 651; Whitten, 56 S.W.3d at 311. Nowhere in the
contract documents is it stated that the parties are contracting for the benefit of
Crouch or any other subcontractor. In fact, the contract documents expressly state the
opposite. In section 6.9.1 of the section titled "General Conditions," the Prime
Contract states that "[n]othing in the Contract documents shall [be] for the benefit of
any Subcontractor, Supplier or other person or organization . . ., nor shall it create any
obligation on the part of [the City] to pay or see to the payments of any moneys due
any Subcontractor, Supplier or other person or organization . . . ." Because the Prime
Contract does not clearly express the intent of the parties to confer any benefit on
third parties, Crouch's third-party-beneficiary claim necessarily fails. Absent third-party beneficiary status, Crouch cannot assert a claim for breach of the Prime
Contract against the City and, thus, cannot invoke the waiver of governmental
immunity under section 271.152 even if the statute permits it to do so. Because
Crouch cannot invoke the waiver of governmental immunity, the trial court erred in
denying the City's plea to the jurisdiction. 

Conclusion

 For the reasons stated above, we reverse the trial court's order denying the
City's plea to the jurisdiction, as to Crouch's claims only, and we render judgment
that Crouch's claims against the City be dismissed for want of jurisdiction. 




 George C. Hanks, Jr.

 Justice


Panel consists of Justices Hanks, Bland, and Wilson (2)
.

Justice Wilson, concurring without opinion

1. The City also contends that Crouch's pleadings assert a claim for interference with the
performance of a contract that cannot be brought under the waiver provided for in section
271.152, which applies only to breach of contract claims. In Crouch's third amended
petition, the only cause of action asserted against the City is a breach of contract cause of
action, which Crouch asserts as a third-party beneficiary. Pursuant to this cause of action,
Crouch alleges that it incurred additional cost and expense in the performance of its duties
as a result of the City's interference with the performance of the Prime Contract. Crouch
does not, however, assert that this interference is a separate cause of action, and, thus, we do
not consider whether a claim for interference with the performance of a contract invokes the
waiver of governmental immunity under section 271.152. 
2. The Honorable Davie L. Wilson, retired Justice, Court of Appeals, First District of Texas at
Houston, sitting by assignment. See Tex. Gov't Code Ann. § 74.003(h) (Vernon 2005).