

# NUMBER 13-18-00024-CV

# COURT OF APPEALS

# THIRTEENTH DISTRICT OF TEXAS

# CORPUS CHRISTI - EDINBURG

CITY OF WESLACO,                                                                    Appellant,

v.

RAQUEL TREJO AND ROBERTO TREJO,                               Appellees.

**On appeal from the County Court at Law No. 1
of Hidalgo County, Texas.**

# MEMORANDUM OPINION

**Before Justices Rodriguez, Contreras, and Hinojosa
Memorandum Opinion by Justice Rodriguez**

Appellant City of Weslaco appeals the denial of its plea to the jurisdiction.   By one issue, the City asserts that appellees Raquel and Roberto Trejo failed to establish a valid waiver of the City's governmental immunity, and dismissal is therefore required.   We reverse and remand.

# I. BACKGROUND

For purposes of this appeal, all relevant background facts are drawn from the allegations in the Trejos' live petition. In 1997, the Trejos purchased a plot of undeveloped land in Hidalgo County. In 1998, the Trejos began preliminary work on a plan to develop the land. The City approved the plan in 2005, and the Trejos began work on what would become the Northcross Subdivision.

The Trejos hired Rio Delta Engineering to develop plans and designs for the subdivision's infrastructure. Before lots could be sold, essential services such as water and sewer would have to be designed, built, and approved by the City. Rio Delta agreed to provide those services for a fee, which the Trejos paid.

Rio Delta had another client nearby, the Apostolic Church, which was planning to build a facility near the Northcross Subdivision. The City elected to combine the sewer and water plans for both projects.

The City approved the plans for the Northcross Subdivision in October of 2005. However, the Church's plans were not completed until 2007. The City began work on the sewer connection in March of 2007. The Trejos alleged that the sewer should have been completed in six months.

Meanwhile, the Trejos continued development on the subdivision. The Trejos obtained a series of loans with Falcon National Bank in 2007 to finance the project. The notes were due to be repaid in January 2009.

Sales of lots in the Northcross Subdivision began in 2008. By June 2008, five lots had been sold, subject to the recording of the subdivision with the City.

However, the Trejos alleged that "recording was held up because of the lack of completion of the long delayed sewer line. All other tasks required were completed by March of 2008." While the Trejos awaited the completion of the sewer line, Falcon Bank initiated foreclosure on their loans.

The Trejos filed suit alleging that the City was negligent in managing the sewer construction project, which "involved the use of motorized vehicles." Specifically, the Trejos alleged that the City was negligent in:

(1) using backhoes, bulldozers, and other motorized equipment including sewer lift stations, and pumps, to build and complete a sewerage system that was negligently constructed, incapable of carrying the foreseeable volumes, too shallow, and at an improper gradient, and further, to delay the construction of that same system in a nonnegligent manner;

(2) failing to design, maintain and implement a sewerage collection and treatment system that would provide service to the Northcross Subdivision owned by Plaintiffs;

(3) failing to train, supervise and mandate its employees to operate backhoes, bulldozers, and other motorized equipment including sewer lift stations, and pumps, to avoid delaying construction of the same sewerage system[.]

The City filed a plea to the jurisdiction arguing that the Trejos petition failed to establish a waiver of governmental immunity. The trial court denied the plea, and this appeal followed.[1]

## II.    DISCUSSION

By its sole issue, the City contends that the trial court erred in denying its plea to the jurisdiction.

---

[1] A person may appeal from an interlocutory order of a district court that grants or denies a plea to the jurisdiction by a governmental unit. TEX. CIV. PRAC. & REM. CODE ANN. § 51.014(a)(8) (West, Westlaw through 2017 1st C.S.).

3

## A.      Standard of Review

We review the disposition of a jurisdictional plea de novo.   *Suarez v. City of Tex. City*, 465 S.W.3d 623, 632 (Tex. 2015).   It is the plaintiff's initial burden to affirmatively demonstrate the court's jurisdiction by alleging a valid waiver of immunity.   *Dallas Area Rapid Transit v. Whitley*, 104 S.W.3d 540, 542 (Tex. 2003).   We assume the truth of the jurisdictional facts alleged in the pleadings unless the defendant presents evidence to negate their existence.   *Tex. Dep't of Pub. Safety v. Sparks*, 347 S.W.3d 834, 837 (Tex. App.—Corpus Christi 2011, no pet.).   We construe the pleadings liberally in favor of the plaintiff and look to the pleader's intent.   *Ryder Integrated Logistics, Inc. v. Fayette Cty.*, 453 S.W.3d 922, 927 (Tex. 2015) (per curiam).   If the pleadings generate a fact question regarding the jurisdictional issue, a court cannot sustain the plea to the jurisdiction.   *Id.*

## B.      Negligent Failure to Design and Maintain

We first address the City's argument that it is generally entitled to governmental immunity for its construction of the sewers.   The City asserts that its immunity precludes the Trejos from suing on the theory that the City was negligent in "failing to design, maintain and implement a sewerage collection and treatment system that would provide service to the Northcross Subdivision owned by Plaintiffs," as alleged in the Trejos' petition.   We agree.

A municipality is a governmental entity entitled to sovereign immunity, but only for some of its functions.   *Tex. Bay Cherry Hill, LP v. City of Fort Worth*, 257 S.W.3d 379, 388 (Tex. App.—Fort Worth 2008, no pet.).   A municipal corporation exercises two kinds of functions, proprietary functions and governmental functions.   *Tooke v. City of Mexia*, 197 S.W.3d 325, 343 (Tex. 2006).   Section 101.0215 of the Texas Tort Claims Act

4

contains a nonexclusive list of thirty-six governmental functions, which includes "sanitary and storm sewers."   TEX. CIV. PRAC. & REM. CODE ANN. § 101.0215(a)(9) (West, Westlaw through 2017 1st C.S.); *Tex. Bay*, 257 S.W.3d at 388.   A municipality is liable for torts arising from the exercise of its proprietary functions, but it is generally immune from suit and liability for torts arising from the exercise of its governmental functions, except for the limited waiver provided by the tort claims act.   *Tex. Bay*, 257 S.W.3d at 389; *see also City of Bay City v. Gaspard*, No. 13-14-00439-CV, 2015 WL 5646624, at *2 (Tex. App.— Corpus Christi Aug. 13, 2015, no pet.) (mem. op.).

Because the Legislature has deemed sanitary and storm sewers to be a governmental function, the City is generally entitled to immunity for this function, and "we have no discretion or authority to hold otherwise."   *See Tex. Bay*, 257 S.W.3d at 388– 89.   The Trejos have not alleged that their negligence theory concerning the "fail[ure] to design, maintain and implement" a sewer system falls into any waiver of immunity described in the tort claims act.   We therefore conclude that the Trejos failed to establish a waiver of the City's immunity from suit on this theory.

## C.    Involvement of Motor Vehicles and Motor-Driven Equipment

We next address the City's argument that its use of motorized equipment does not trigger a waiver of immunity.   In their petition, the Trejos alleged that their suit qualified for a waiver of immunity under the tort claims act because the City was negligent in "using backhoes, bulldozers, and other motorized equipment including sewer lift stations, and pumps, to build and complete a sewerage system" that was defective in several regards. The City asserts that the Trejos have not established a waiver of immunity simply by

alleging that the construction of the sewer involved the use of motorized equipment. We agree with the City.

Again, a municipality may be held liable in tort for damages caused in carrying out its governmental functions—including sanitary sewer functions—if the plaintiff establishes a waiver of immunity under the tort claims act. *See City of Alton v. Sharyland Water Supply Corp.*, 145 S.W.3d 673, 678–79 (Tex. App.—Corpus Christi 2004, no pet.). Under the tort claims act, a governmental unit loses its immunity from suit for property damage caused by the negligence of its employees if the property damage "arises from the operation or use of a motor-driven vehicle or motor-driven equipment" and the employee would be personally liable. TEX. CIV. PRAC. & REM. CODE ANN. § 101.021(1) (West, Westlaw through 2017 1st C.S.). "Use" means "to put or bring into act or service; to employ for or apply to a given purpose." *Natural Res. Conservation Comm'n v. White,* 46 S.W.3d 864, 869 (Tex. 2001); *City of Alton*, 145 S.W.3d at 679. Given the Legislature's preference for a limited immunity waiver, we strictly construe section 101.021's use requirement. *See Ryder*, 453 S.W.3d at 927. There must be a causal nexus between the operation or use of the motor-driven vehicle or equipment and a plaintiff's property damage. *Whitley*, 104 S.W.3d at 543. This causal nexus is not satisfied by the mere involvement of vehicles or equipment, nor by a use that "does no more than furnish the condition that makes the injury possible." *Id.*

Here, the Trejos argue that they have established a valid waiver of immunity because the construction project "involved the use of motorized vehicles." In particular, they argue that a waiver of immunity is established under the tort claims act because the

6

project was completed using "backhoes, bulldozers, and other motorized equipment including sewer lift stations, and pumps." They assert that use of the equipment contributed to several design flaws—in particular, the sewer was "incapable of carrying the foreseeable volumes, too shallow, and at an improper gradient." These design flaws resulted in problems with the sewer's operation and construction delays while those problems were resolved. The Trejos allege that the construction delays in turn prevented the timely sale of units in the subdivision, leading to the insolvency and foreclosure of their development project in 2009. Thus, the Trejos have drawn a thin thread of causation across the span of many years and several intermediary steps—the use of equipment led to the design flaws, which led to problems with the sewer, which led to construction delays, which led to the Trejos' inability to sell houses in 2008, which led to the project's insolvency in 2009, which led to the bank's foreclosure—in an effort to link the use of motorized equipment to the underlying harm of foreclosure.

We conclude that the Trejos have not pleaded a valid waiver of immunity. We addressed an analogous situation in *City of Alton*. *See* 145 S.W.3d at 676–80. There, a water supply corporation brought suit against the city for negligently designing and installing sewer lines. *Id.* at 879. The water company alleged that the design led to contamination of nearby water supplies and that a waiver of immunity was established because the construction of the sewer involved motorized equipment. *Id.* We found no waiver of immunity:

> [W]e can find only an extremely tenuous connection between the use of motor-driven vehicle or motor-driven equipment and the property damage alleged. The legal standard requires a much more direct cause-and-effect relationship between the use of motor-driven equipment and motors than

7

> the present pleadings reflect before immunity can be considered waived. The requisite nexus between the operation or use of the motor-driven equipment and the claimed property damage is lacking.

*Id.* at 680 (citation and quotations omitted). For the same reasons, we conclude that the Trejos have not established a waiver of immunity. The Trejos' allegations, liberally construed, establish nothing more than the "mere involvement" of vehicles and equipment, which does not demonstrate the required causal nexus. *See Whitley*, 104 S.W.3d at 543; *Ector Cty. v. Breedlove*, 168 S.W.3d 864, 866–67 (Tex. App.—Eastland 2004, no pet.) (finding that the county's use of motor-driven equipment two years before had "only furnished the condition—the increased grade and misplacement of culverts—that caused the flooding of their home"); *see also Dorbandt v. Cameron Cty.*, No. 13-11-00337-CV, 2012 WL 1390576, at *4–5 (Tex. App.—Corpus Christi Apr. 19, 2012, no pet.) (mem. op.) (finding that where a construction project to divert the flow of water resulted in flooding two years later, the fact that the construction project was accomplished using motorized equipment did not satisfy the tort claims act). The Trejos' motorized equipment theory does not establish a valid waiver of immunity.

**D.     Negligent Training and Supervision**

Finally, the City challenges the Trejos' last remaining theory, which alleges that the City was negligent in "failing to train, supervise and mandate its employees to operate backhoes, bulldozers, and other motorized equipment including sewer lift stations, and pumps, to avoid delaying construction of the same sewerage system."

However, negligent training and supervision claims are generally not within the purview of the tort claims act's waiver of immunity. *Goodman v. Harris Cty.*, 571 F.3d 388, 394 (5th Cir. 2009) (citing *Tex. Dep't of Pub. Safety v. Petta*, 44 S.W.3d 575, 580

(Tex. 2001)); *see also Salinas v. City of Brownsville*, No. 13-08-00146-CV, 2010 WL 672885, at \*6 (Tex. App.—Corpus Christi Feb. 25, 2010, no pet.) (mem. op.). Accordingly, the Trejos have not carried their burden to establish a waiver of immunity for their last remaining negligence theory. *See Whitley*, 104 S.W.3d at 542.

## E.  Conclusion

The Trejos have failed to carry their initial burden to affirmatively demonstrate the court's jurisdiction by alleging a valid waiver of immunity for any of their negligence theories. *See id.* Accordingly, the trial court should have granted the City's plea to the jurisdiction.

This leaves the question of whether the trial court should have allowed the Trejos the opportunity to replead or should have dismissed the case outright. If pleadings do not contain sufficient facts to affirmatively demonstrate the trial court's jurisdiction but do not affirmatively demonstrate incurable defects in jurisdiction, the issue is one of pleading sufficiency, and the plaintiffs should ordinarily be afforded the opportunity to amend. *Tex. Dep't of Parks & Wildlife v. Miranda*, 133 S.W.3d 217, 226–27 (Tex. 2004). However, dismissal is appropriate if the pleadings or record conclusively negate the existence of jurisdiction. *Rusk State Hosp. v. Black*, 392 S.W.3d 88, 96 (Tex. 2012). Dismissal is also appropriate if the defendant establishes either that the plaintiff failed to show jurisdiction despite having had full and fair opportunity to develop the record and amend the pleadings, or that the plaintiff would be unable to establish jurisdiction even if given the opportunity on remand. *Id.*

Here, we cannot say that the City established a scenario in which outright dismissal is appropriate. *See id.* The pleadings do not conclusively negate the existence of

jurisdiction; the Trejos had no cause to amend their pleadings in light of the trial court's denial of the plea to the jurisdiction; and, as we held in *City of Alton,* a similar cause of action might still be amended to establish jurisdiction on remand. *See* 145 S.W.3d at 680. Accordingly, the issue is one of pleading sufficiency, and the Trejos must be afforded the opportunity to amend. *See Miranda*, 133 S.W.3d at 226–27.

We sustain the City's sole issue.

### III. CONCLUSION

We reverse the trial court's denial of the City's plea to the jurisdiction and remand the matter to the trial court for further proceedings consistent with this opinion.

NELDA V. RODRIGUEZ
Justice

Delivered and filed the
21st day of June, 2018.

10